STATE *ex rel.* FRED LINICK v. HON D. C. COLEMAN, as Sheriff of Dade County.

198 So. 100
Division A
Opinion Filed October 18, 1940
Rehearing Denied November 4, 1940

*R. K. Bell,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William*

*Fisher, Jr.,* Assistant Attorney General, for Defendant in Error.

Buford, J.—On writ of error we review judgment remanding petitioner in habeas corpus proceedings.

The plaintiff in error was convicted in the Court of Crimes of Dade County on the 20th day of May, 1940, the judgment entered being:

"STATE OF FLORIDA      COURT OF CRIMES
       Vs.     No. 9648   DADE COUNTY, FLORIDA
   FRED LINICK

"It appearing unto this Court that you, Fred Linick, have been regularly tried and convicted of Selling Motor Vehicles without Delivering Certificate of Title IT IS THEREFORE THE JUDGMENT OF THE law and it is hereby adjudged that you are and stand guilty of Selling Motor Vehicle without delivering certificate of Title.

"IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that you be confined at hard labor in the County Jail for a term of sixty days (60) days.

"DONE AND ORDERED in open Court at Miami, Dade County, Florida, this 20 day of May, A. D. 1940.

"WAYNE ALLEN, Judge."

The information under which the conviction occurred was in the following language:

"INFORMATION FOR
   SELLING A MOTOR VEHICLE WITHOUT
   DELIVERING CERTIFICATE OF TITLE.

"THE STATE OF FLORIDA vs. FRED LINICK

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

"ROBT. R. TAYLOR, County Solicitor for the County of

Dade, prosecuting for the State of Florida, in the said County under oath information makes that Fred Linick of the County of Dade and State of Florida, on the 14th day of August in the year of Our Lord one thousand nine hundred and thirty-eight, in the County and State aforesaid, did then and there sell to D. M. Gott, a certain motor vehicle to-wit: 1929 Ford Coach, and did fail to deliver to said purchaser or transferee, to-wit D. M. Gott, a certificate of title to said automobile, and at the time of the delivery to him of such motor vehicle,

"Contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

The information is drawn under the provisions of Sec. 3979 C. G. L., being Chapter 9151, Acts of 1923.

Plaintiff in error submits three (3) questions to this Court. In the first question he challenges the sufficiency of the Information upon the ground that it did not allege that "a certificate of title had been issued." In the second question he challenges the sufficiency of the adjudication of guilt of the offense sought to be charged under the statute, and in the third question he challenges the action of the lower court in remanding the petitioner.

The case is ruled by the opinion and judgment in *In re: Robinson*, 73 Fla. 1068, 75 Sou. 604, where we held:

"Habeas corpus is not a remedy for relief against indictment charging criminal offenses defectively or inartificially, though it seems to be a remedy where an indictment charges as an offense an act which, at the time of its commission, the law did not make criminal. In the former case the detention of the accused is not without jurisdiction, though in the latter it is held to be so on the ground that there is no law punishing the act.

"Where habeas corpus is invoked to obtain the discharge of a person held in custody to answer a charge of crime, it must be shown that the statute under which the charge is made is invalid or that the charge as made is not merely defective in its allegations, but wholly fails to state any offense under the laws of the State.

"The writ of habeas corpus cannot be used as a substitute for a motion to quash or a writ of error or an appeal. The right to attack an information by writ of habeas corpus is more limited than is permitted in motions to quash and in arrest, and may avail only when the offense charged does not constitute a crime under the laws of the State, by reason of the unconstitutionality of the statute invoked or when there is a total failure to allege a crime under any statute; inartificiality in pleading will not avail.

"Where an information alleges that the defendant being the owner of an automobile did use and operate the same in this State and county more than fifteen days without paying the license tax required by law, under the statute requiring a license tax of the owner 'operating' an automobile in this State, and making it a misdemeanor for failure to comply with the statute, if the information is defective because it does not allege that the defendant's automobile was operated upon the public highways of the county, such defect would not render a proper conviction under it illegal or void even though it may be erroneous. An erroneous judgment of conviction may be reversed on writ of error."

It is well settled that the writ of habeas corpus cannot be made to perform the functions of a writ of error, motion to quash or motion in arrest of judgment. See *In re:* Robinson, 73 Fla. 1068, 75 Sou. 604, L. R. A. 1918-B 1148; Dukes v. State, 81 Fla. 247, 88 Sou. 474; Haile v. Gardner, 83 Fla. 355, 91 Sou. 376; *Ex Parte* Messer, 87 Fla. 92,

99 Sou. 330; Taylor v. Chapman, 127 Fla. 401, 173 Sou. 143.

The information and the judgment are defective but the defects therein are not such as may be taken advantage of in habeas corpus proceedings.

The judgment is affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.