Habeas corpus proceeding by Albert Collingsworth, petitioner, against Nathan Mayo, as State Prison Custodian, respondent, to secure the petitioner's release from the state prison.
Writ denied.
This is a habeas corpus proceeding instituted by one Albert Collingsworth, in proper person, for the purpose of procuring his release from the State Prison under a sentence imposed upon a judgment of conviction of robbery. As a predicate for the issuance of the writ the petitioner avers in his petition that the judgment and sentence imposed upon him were illegal and should be set aside for the reasons: (1) That at the time of his arrest his appearance bond was set at such high amount that he could not make the same and hence was incarcerated until his trial; (2) that during the period of his incarceration prior to trial he was deprived of the opportunity to communicate with witnesses or counsel; (3) that he was denied the right to obtain witnesses in his own behalf or to retain counsel; (4) that he was tried without the aid of counsel or witnesses; (5) that during the course of the trial the trial judge erred in admitting and rejecting certain testimony, in giving certain charges to the jury, and in denying his motions for directed verdict and (6) that the evidence upon which he was convicted was insufficient to support the verdict. The petitioner concludes his petition with the averment that "The Court erred in its ruling against the defendant and in favor of the State as will be shown to the court by the official court reporter's transcript of the testimony * * *"; and the petitioner offers to produce such transcript in support of his grounds in the event the petition for the writ of habeas corpus is granted.
The "official court reporter's transcript of the testimony" to which the petitioner refers is already of record in this court. It was brought here on September 24, 1946 when the petitioner, as an appellant, took an appeal to this court from the judgment and sentence which he now questions on the grounds stated in his petition. It is one of our own records, of which we may take judicial notice, and from it we learn that the trial with respect to which the contentions are now made by the petitioner arose out of a criminal information framed in three counts filed on April 29, 1946, by the State Attorney for Okaloosa County, Florida, against one Eules Lassiter, Burl Hall, Ben Gavin, and the petitioner. At the trial held on May 3, 1946, the petitioner was found guilty on the third count of the information, which charged the commission of the crime of unarmed robbery in violation of section 813.02, Florida Statutes 1941, F.S.A. Judgment was entered against the petitioner on May 4, 1946, and on the same day the sentence of which petitioner complains was entered. At the conclusion of the imposition of sentence and on the same day of its entry, an appeal was taken on behalf of the petitioner from the judgment entered and the entire record of the proceedings of the trial were brought to this court for review. Subsequently, on December 9, 1946, on motion of the Attorney General of Florida, the appeal was dismissed by this court for failure of the petitioner to file briefs and otherwise perfect his appeal.
Whatever may be the truth with respect to the petitioner's charges that he was denied the right to communicate with counsel prior to the trial, it is not made to appear either by the petition or by the "official court reporter's transcript" that by reason of that fact he was hindered in the slightest degree in the preparation or presentation of his defense when he was finally put on trial, or that any objection was ever made by him at the trial, or continuance asked for, because of such alleged situation.
There is no foundation for the charge contained in the petition that petitioner was denied the right to counsel to represent him at the trial. The official transcript of the trial proceedings, upon which the petitioner relies for proof of his charges, clearly shows not only that the petitioner was represented by counsel but also that such counsel vigorously represented his client's interests by making timely objections to testimony given by State witnesses; by cross-examining each of such witnesses at length; by placing his client on the stand and allowing him to testify to his version of the transaction; by interposing motions for directed verdict, both at the close of the State's case in chief and at the close of all the evidence; by making opening and closing arguments to the jury; by filing and *Page 698 
arguing a motion for new trial; and by taking an appeal to this court from the judgment finally entered.
As to the contention that petitioner was required to go to trial without witnesses to testify for him, not one suggestion appears in the official transcript that petitioner ever asked for, or was deprived of, or denied, the right to witnesses to testify on his behalf; indeed, all the implications logically derivable from the transcript of record clearly point to the contrary; for not only did the petitioner through his counsel fail to request witnesses but expressly excluded any idea that witnesses were desired by announcing to the trial judge at the close of the State's case in chief that only the two defendants whom he represented would be called to testify "each one to testify in his own behalf only" — a manoeuvre not at all uncommon in our criminal practice and one quite frequently resorted to by skilled and experienced criminal defense counsel in order to procure for their client the supposed advantage of making the closing argument to the jury, which otherwise would be denied him under our statutes. See Section 918.09, Florida Statutes 1941, F.S.A.
These facts being made to appear by the "official court reporter's transcript of the testimony", upon which the petitioner asserts he will rely if a hearing is had consequent upon the issuance of a writ of habeas corpus, we are of the conclusion that the averments in the petition to the effect that petitioner was deprived of counsel and of witnesses are totally unfounded, and that hence, on these grounds, the petitioner has failed to show as a condition precedent to the issuance of the writ of habeas corpus "probable cause to believe that he is detained in custody without lawful authority"; as is required under section 79.01, Florida Statutes 1941, F.S.A.
As to the averment in the petition that petitioner's constitutional rights were affected by reason of the fact that his appearance bond was set at such an excessive figure that it was impossible for him to give bond, this might have been a proper cause for complaint if it had been made seasonably by the petitioner during the period of his incarceration and before being brought to trial, but it cannot be considered as a valid ground for release from the sentence imposed under the judgment of conviction after the trial of the cause.
All other grounds urged by the petitioner go to the merits of the trial and may not be urged in this proceeding. It is so elementary as to require no citation of authority that habeas corpus may not be substituted for the right of appeal given under our law, and that when one has exhausted his right of appeal he may not thereafter resort to habeas corpus for the purpose of procuring a review as to questions which were presented, or which might have been raised, during the course of his trial.
It follows from the conclusions reached that the petition for the issuance of a writ of habeas corpus must be denied.
It is so ordered.
THOMAS, C.J., and TERRELL and ADAMS, JJ., concur.