## COLLINGSWORTH v. MAYO.
### No. 12650.

United States Court of Appeals
Fifth Circuit.
April 4, 1949.

No appearance for appellant.

Richard W. Ervin, Atty. Gen. of Florida, and Reeves Bowen, Asst. Atty. Gen. of Florida, for appellee.

Before SIBLEY, McCORD and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Collingsworth, confined in the Florida State Prison, made his petition for the writ of habeas corpus, accompanied by a sworn application to be allowed to proceed. in forma pauperis, to the district judge, complaining that he was arrested on a charge of armed robbery made by an information in a Florida State court, and held incarcerated for more than a month before trial and deprived of the right to communicate with or retain counsel; that when arraigned in court he requested time to procure and consult with counsel, and told the court that he was uneducated and incapable of defending himself, and his request was denied. It is alleged that he was in fact ignorant, uneducated and incapable of defending himself, is innocent, and his trial in violation of the Fourteenth Amendment to the Federal Constitution. An affidavit is exhibited from an attorney in effect that he represented a codefendant in the trial, but did not receive any money from the State or Collingsworth and was not defending Collingsworth. Affidavits from four other witnesses were exhibited to the effect that they were present at the trial and heard Collingsworth request of the court time to procure and consult with counsel, and state that he had been held prisoner and prevented from procuring counsel, and was uneducated and unable to defend himself, and that the court said in effect that the codefendant was represented by counsel and Collingsworth would not need counsel. It is further alleged that all available remedy in the State court has been exhausted, his appeal to the Supreme Court of Florida having been dismissed without hearing, his petition for habeas corpus in that court having been denied by an opinion rendered Sept. 28, 1948, 37 So.2d 696, and a motion for rehearing also denied. The cases of Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, and Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, are pleaded as authority for discharge.

The district judge granted the application to proceed in forma pauperis but refused the writ of habeas corpus, ordering the opinion of the Supreme Court of Florida referred to in the petition, but not

exhibited, to be filed as a part of the petition. He held: "The court having examined and considered said petition and supporting exhibits and the opinion of the Supreme Court of Florida dated Sept. 28, 1948, and it appearing that the grounds upon which petitioner relies for a writ in this court were fully considered by the Supreme Court of Florida in its said opinion and the facts stated in said petition being at variance with the true facts as found by the Supreme Court and said petition stating no other legal grounds for the issuance of the writ," it is denied.

It thus appears that the district judge relied wholly on the opinion of the Supreme Court of Florida as foreclosing enquiry in the federal court as to the truth of the facts it found. We think this opinion, though not exhibited, was so referred to in the petition, which gave book and page where it could be found, as to justify the judge in considering it for what effect it may legally have. It does show an exhaustion of remedies in the State courts, though not followed up by an application to the Supreme Court of the United States for a writ of certiorari, Wade v. Mayo, 334 U.S. 672, at page 681, 68 S.Ct. 1270, and opens the way to apply for a habeas corpus to the federal district court. We do not think it settles anything else, but that it remains the duty of the federal court to examine for itself whether in fact and law the due process clause of the federal Constitution has been violated. Comity properly requires that as to a State prisoner the application for relief be first made to the State courts, but if in truth the State is taking liberty without due process of law the exercise of this comity does not result in relieving the federal courts from doing their duty thereafter; and it has never been held that the refusal of the State court to relieve by habeas corpus bars the federal court from doing so in a proper case.

Neither a general res judicata nor an estoppel by judgment as to particular facts found by the Florida court, particularly that Collingsworth was in fact represented by counsel, ought to be recognized, though the argument of that court seems fair and well reasoned. The Florida court had before it by judicial notice of its own records a transcript of the trial, which we have not. It may be that the transcript did not contain the facts now offered to be shown by the exhibited affidavits, so that it seemed that the attorney was representing both defendants though he had undertaken the defense of only one. The reporter's transcript is not a part of the record proper which imports absolute verity unless changed by the court which made the record, referred to in Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009. Moreover, the question of ignorance and inability to conduct a defense, which is the main concern of the federal court in such a case as this under Wade v. Mayo, supra, was not touched on at all by the Florida court. Assistance of counsel includes consultation and understanding of the accused's case before trial, a consideration of his special interests in cross-examination of witnesses and production of defensive evidence, and in the making of argument, and otherwise. That an attorney was representing a co-defendant in the trial and may have necessarily represented this accused to some extent and included him in motions and objections is not always enough. The Mayo decision makes such a situation one to be investigated in each case factually by the district judge to see whether or not there was a denial of due process. It may be that as the trial really occurred, in view of the nature of the case and of the evidence and the capacity of Collingsworth to assist, and the attorney's actual effective representation of him, that there was no denial of due process. We do not think a hearing ought to have been refused solely because of what the Florida court found to be true on the transcript it had as to any point in controversy.

The judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.