## COLLINGSWORTH v. MAYO.

### Civ. No. 1519–J.

United States District Court
S. D. Florida, Jacksonville Division.
Aug. 5, 1949.

Thomas D. Beasley, DeFuniak Springs, Fla., for petitioner.

Reeves Bowen, Assistant Attorney General, for respondent.

DE VANE, District Judge.

Sometime prior to December 7, 1948 petitioner requested permission to file in this court a petition for writ of habeas corpus against Nathan Mayo, as State Prison Custodian. An affidavit of insolvency accompanied the petition and on the above-named date the court entered an order:

1. Permitting petitioner to proceed in forma pauperis.

2. Directing that a copy of the opinion of the Supreme Court of Florida, dated September 28, 1948, 37 So.2d 696, rendered in petitioner's habeas corpus case in that court, referred to in the petition and accompanying same but not attached thereto as an exhibit, be filed as a part of said petition.

The court having examined and considered said petition and supporting exhibits and the opinion of the Supreme Court of Florida found and held that the petition stated no legal grounds for the issuance of a writ. The gravamen of the petition for the writ was that the petitioner had been denied the right of counsel in a State criminal case against him and that he was uneducated and incapable of making a valid defense to prove his innocence. The Supreme Court of Florida had found and held that petitioner was represented by counsel and that the allegations contained in his petition to that court, which were in substance the same as the allegations contained in the petition to this court, were untrue. This court considering the opinion of the Supreme Court as a proper part

of the petition found and held that the facts stated in the petition were "at variance with the true facts as found by the Supreme Court" and as the petition stated no other legal ground for the issuance of a writ the petition for a writ was denied.

On an appeal to the Court of Appeals, Fifth Circuit, 173 F.2d 695, the order and judgment of this court was reversed, that court holding that this court had no right to accept the findings of the Supreme Court of Florida as true and correct, but that it was the duty of this court to make an inquiry of its own into the truth or falsity of the allegations contained in the petition. Accordingly the case was set down for trial before this court on July 15, 1949, at which time petitioner was fully heard. The testimony adduced at this hearing fully supports the following findings of fact:

1. On March 31, 1946, Eules Lassiter, Albert Collingsworth and Ben Gavin were arrested and charged with armed robbery. They were held continuously in custody until their trial on May 3, 1946—none of them being able to make bond.

2. On April 29, 1946 an information was filed in the Circuit Court of Okaloosa county, Florida, against Eules Lassiter, Albert Collingsworth, Burl Hall and Ben Gavin charging them in three counts as follows:

Count 1. All four defendants were charged with armed robbery of one W. T. Mann.

Count 2. Charged Eules Lassiter as principal in the alleged armed robbery and Albert Collingsworth, Burl Hall and Ben Gavin as accessories.

Count 3. Charged Eules Lassiter and Albert Collingsworth with unarmed robbery and Ben Gavin and Burl Hall as accessories to this offense.

Eules, Lassiter, Albert Collingsworth and Ben Gavin were arraigned on the date the information was filed and entered pleas of not guilty to each count of the information and the case was set for trial on May 3, 1946. Burl Hall was at the time and still is a fugitive from justice and has never been apprehended and tried upon this information.

3. While they were in custody awaiting the term of court in Okaloosa county, Eules Lassiter employed Thomas D. Beasley, Esq., an able attorney of DeFuniak Springs to represent him and Albert Collingsworth employed W. W. Flournoy, Esq., an equally able attorney of DeFuniak Springs to represent him. Ben Gavin had no counsel and was not interested in being represented by counsel. Mr. Flournoy had arranged to be absent on the date of arraignment but agreed to be present on the date of the trial. However, one or two days before May 3, 1946 Mr. Flournoy sent Collingsworth a telegram advising that he would be unable to represent him at the trial. Using this telegram as grounds for a continuance Collingsworth moved the court to continue the case for the term so as to enable him to employ other counsel. This the court refused to do and gave to Collingsworth his choice of securing and engaging new counsel to represent him, or upon his failure or refusal so to do, the court offered to appoint counsel for him. Collingsworth chose the latter procedure. Whereupon the presiding Judge with the consent of all the defendants and Lassiter's counsel, appointed Thomas D. Beasley to represent Collingsworth and Gavin. All defendants were ably represented by Mr. Beasley and seventy pages of testimony was taken in the case. The trial resulted in a verdict of guilty of unarmed robbery as charged in the third count of the information against Eules Lassiter and Albert Collingsworth and a verdict of not guilty as to Ben Gavin.

The complaining witness testified that Lassiter and Collingsworth were the only actual participants in the robbery. He could not identify Gavin as one of the other persons present when the robbery was perpetrated.

A motion to set aside and vacate the verdict of the jury and to grant a new trial was promptly filed by attorney Beasley for both Lassiter and Collingsworth. After its denial an appeal was taken to the Supreme Court of Florida in behalf of both defendants by Beasley. The appeal was finally dismissed for want of prosecution.

4. The petition for writ of habeas corpus contained an affidavit by Mr. Beasley to the effect that "he did not receive any money from the State or from Albert Collingsworth in this case and was not defending Albert Collingsworth, defendant." The evidence shows that Mr. Beasley did not receive any money from the State or from Collingsworth and the only troublesome part of the affidavit is "and was not defending Albert Collingsworth, defendant". The transcript of the proceedings at the trial shows that Mr. Beasley cross-examined every State witness insofar as their testimony related to Collingsworth as thoroughly and as fully as he did with reference to Lassiter. And Mr. Beasley placed Collingsworth, Lassiter and Gavin on the witness stand, examined them all thoroughly, and made the best case he could for each. At the close of the State's case Mr. Beasley announced that each defendant would be placed on the witness stand to testify in his own behalf only. As no other witnesses were called in their behalf this move gave Beasley the closing argument which he claimed and got. He would not have been entitled to it had he not represented Collingsworth and Gavin as well as Lassiter. On this evidence I find and hold that Beasley did represent Collingsworth and that he was well represented.

5. There are also attached to the petition the affidavits of Ben Gavin, Annie Cook, Stella Gainey and Ireme Simmons to the effect that they each heard petitioner request the court that he be allowed further time before proceeding to trial in order that he might procure counsel and consult with same. At the trial counsel for respondent stipulated to the truth of this statement rendering it unnecessary to call any of these witnesses. The Honorable J. Edward Holsberry, State Attorney, who prosecuted petitioner, testified that the procedure followed by Collingsworth to obtain a continuance of this case for the term was a procedure that is not unusual in his court.

He testified further that the complaining witness who had been robbed was a resident of Little Rock, Arkansas; that he had been brought to court at great expense and that without him the case could not be tried and anticipating that an effort might be made to secure a continuance, when Mr. Flournoy failed to show up on the date of the arraignment, he offered to summons any witnesses desired by Collingsworth as well as Gavin. Neither requested that he summons any witness for him.

The court finds from the foregoing narration of facts in the case:

1. That while petitioner was in custody from March 31, 1946 until the date of trial on May 3, 1946, he was not deprived of the right to communicate with or retain counsel but did in fact retain counsel who, for reasons not shown, failed to represent him.

2. That petitioner was not denied the benefit of counsel at his trial, but on the contrary petitioner was adequately represented by counsel appointed by the court and that the counsel that represented him was fully cognizant of all the facts in his case prior to his appointment by the court, having learned of the facts through his employment as counsel for co-defendant Eules Lassiter.

3. That there was no conflict whatsoever in the defense made by either of the three defendants and it was entirely appropriate for the same counsel to represent all three defendants. The defense of all three was that on the night of the alleged robbery they each were so drunk they had no knowledge as to what transpired and had no knowledge or recollection of having participated in the robbery. Each defendant denied participating in the robbery.

Upon the entire record the court holds and finds that petitioner is not entitled to the relief prayed for and an appropriate order will be entered denying the writ.