69 So.2d 307 (1954)
STATE ex rel. JOHNSON
v.
MAYO.
Supreme Court of Florida. Division A.
January 5, 1954.
Rehearing Denied January 25, 1954.
Ernest D. Jackson, Jacksonville, Francisco A. Rodriguez, Tampa, and Releford McGriff, Jacksonville, for petitioner.
Richard W. Ervin, Atty. Gen., and Bart Cohen, Asst. Atty. Gen., for respondent.
SEBRING, Justice.
This is a proceeding wherein the petitioner has applied to this Court for the issuance of a writ of habeas corpus upon the ground that the death sentence heretofore imposed upon him for the commission of a murder in the first degree "is excessive and discriminatory and deprives him of the equal protection of the law as required by section 1, Declaration of Rights, Constitution of the State of Florida [F.S.A.], and by the Fourteenth Amendment to the Constitution of the United States of America, in that the death penalty for the crime for *308 which he has been convicted is meted out to those of his age group to those only of his racial identity." Attached to the petition is a copy of certain statistics purportedly prepared by the Florida Bureau of Vital Statistics showing that during the 12-year period extending from 1940 through 1952 there were 7 deaths from legal executions of non-white persons in the 15 to 19 year age group, while during the same period there were no deaths from legal executions of white persons in the same age group.
The contention is that from these statistics it is established that over a period of years trial juries in Florida have adopted a consistent and undeviating policy of returning death-penalty verdicts in all capital cases where Negro defendants are involved and of returning lesser verdicts in such cases where white defendants are involved. Some assertion is made that because of this practice the state statute which empowers trial juries in capital cases to return guilty verdicts either with or without a recommendation to mercy, the latter recommendation having the effect of reducing the penalty from death to life imprisonment, is thereby rendered unconstitutional and void under the equal protection clause of the Federal and State Constitutions.
Assuming, for the moment, that the contention has any possible validity, it must be plain to everyone that the statistics cited by the petitioner to sustain it are of such an inconclusive nature as to be wholly worthless for the purpose. They do not reveal, for example, the total number of capital crimes committed during the 12-year period by persons in the age group involved. They do not reveal the precise nature of the crimes committed, or whether any of them were perpetrated by white persons. See sections 779.07, 782.04, 790.16, 794.01, and 805.02, Florida Statutes 1951, F.S.A., for capital crimes involving the death sentence. They do not reveal whether the criminal acts committed were acts of murder, or rape, or both  a matter that would naturally have great bearing upon the question of whether or not mercy should be recommended in any particular case. Without some showing of these things the mere fact that 7 Negro defendants in the 15 to 19 year age-group were legally executed during the 12-year period, while no white persons within this age-group were executed, does not prove, or tend to prove, any acts of discrimination as between the races.
But aside from this aspect of the petition, there is still another reason why the writ of habeas corpus should not be granted. It is elementary that a writ of habeas corpus cannot be used as a substitute for appeal, motion to quash or a motion in arrest of judgment. State ex rel. Linick v. Coleman, 144 Fla. 458, 198 So. 100; Skipper v. Schumacher, 124 Fla. 384, 169 So. 58, certiorari denied 299 U.S. 507, 57 S.Ct. 39, 81 L.Ed. 376; Collingsworth v. Mayo, Fla., 37 So.2d 696; Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849. In the instant case the petitioner was represented throughout the course of his trial by competent counsel who presented a vigorous defense to the criminal charge lodged against him. The same attorneys represented him on the appeal. The judgment and sentence of the court below were affirmed by this Court on October 24, 1952, after extensive briefs had been filed and full oral arguments had on the issues. See Johnson v. State, Fla., 61 So.2d 179.
No petition for rehearing was filed and consequently the mandate of this Court went down on November 12, 1952. No appeal was taken from the judgment of this Court. Instead, application for clemency was made to the State Board of Pardons, a full hearing was had before that Board on June 10, 1953, and an order of denial was entered. On July 6, 1953, a stay order was obtained from the Governor of the State of Florida pursuant to petitioner's request for time to obtain review by the Supreme Court of the United States, but petitioner took no action in this direction and permitted the period of the stay to expire. On November 9, 1953, the petitioner filed in this Court his petition for leave to apply to the trial court for a writ of error coram nobis directed to the judgment and sentence in the cause. *309 On November 10, 1953, this Court denied the petition because it was of the view that the grounds asserted therein were raised, or could have been raised, in the original trial, and had been set at rest by our judgment of affirmance, from which no appeal was taken. On December 19, 1953, a second executive stay order, for a period of 30 days, was obtained.
At no time during any of the aforementioned proceedings did the petitioner raise or suggest the ground now asserted in his petition for writ of habeas corpus, although throughout the entire period he has been represented by competent counsel. He had the opportunity to raise the issue by motion for new trial, section 920.02(1), Florida Statutes 1951, F.S.A., and at the time the trial judge inquired of him before adjudication of guilt and sentence whether he had anything to say why the sentence of the law should not be pronounced against him; section 921.13, Florida Statutes 1951, F.S.A., or to raise it in his petition for leave to apply to the trial court for a writ of error coram nobis. Lamb v. State, 91 Fla. 396, 107 So. 535; Hysler v. State, 315 U.S. 411, 316 U.S. 642, 62 S.Ct. 688, 86 L.Ed. 932.
In the petition for the writ of habeas corpus the petitioner has not made any attempt to give a reason for his failure to raise in prior proceedings the grounds now asserted for the first time in his petition for habeas corpus. Therefore, it must be held, under the decisions, that he has waived or forfeited the right to raise the issue by his failure to make timely assertion thereof. Baker v. State, 150 Fla. 446, 7 So.2d 792; Jennings v. Illinois, 342 U.S. 104, 72 S.Ct. 123, 96 L.Ed. 119; Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541; Cochran v. State of Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453.
It follows from the conclusions reached that the prayer of the petition should be denied.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.