75 So.2d 591 (1954)
Walter Lee IRVIN, Petitioner,
v.
L.F. CHAPMAN, Superintendent of State Prison, Respondent.
Supreme Court of Florida. En Banc.
November 5, 1954.
*592 Paul C. Perkins, Orlando, Thurgood Marshall and Jack Greenberg, New York City, for petitioner.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
SEBRING, Justice.
By this habeas corpus proceeding the petitioner attempts to question the legality of the judgment and sentence heretofore entered in this cause. From a study of the petition it appears that, with the exception of the matters hereinafter noted, the petitioner has alleged no facts in his petition that have not heretofore been set at rest by this Court on an appeal from the judgment and sentence entered in the original cause. See Irvin v. State, Fla., 66 So.2d 288, certiorari denied 346 U.S. 927, 74 S.Ct. 316, 98 L.Ed. ___, rehearing denied 347 U.S. 914, 74 S.Ct. 479, 98 L.Ed. ___. Therefore, such matter is not now open for adjudication.
As to new matter which it is suggested by the petitioner should be sufficient to require that the judgment and sentence be set aside and a new trial awarded, the petitioner avers in his petition that subsequent to the first trial of the original cause  Shepherd v. State, Fla., 46 So.2d 880, reversed by Supreme Court of United States, 341 U.S. 50, 71 S.Ct. 549, 95 L.Ed. 740, and remanded for new trial, 52 So.2d 903  the sheriff of the county in which the crime is alleged to have occurred shot and killed one Samuel Shepherd, a codefendant in the case, which "resulted in the suppression of evidence which Samuel Shepherd could have given on behalf of petitioner herein and which could have proved petitioner's innocence of the crime for which he was charged."
As to this point, the records of this Court, of which we take judicial notice, show that at the first trial of this cause the codefendant Shepherd was sworn and testified in full detail as to the activities in which he and the petitioner were engaged. Section 920.09, Florida Statutes 1951, F.S.A., provides that when a new trial is granted in a criminal case such new trial shall proceed in all respects as if no former trial had been had; except that if witnesses used on the first trial are dead at the time of the second trial "the evidence of such witnesses on former trial may be presented as the same was taken and transcribed by the court reporter."
The records of this Court show also that on the second trial of this cause in the court below, no effort was ever made by the petitioner to introduce into evidence a transcribed copy of the evidence given at the former trial by the decedent Shepherd. Having failed to introduce this evidence at the second trial, the petitioner is foreclosed from now raising the question as to what testimony Shepherd might have given at the second trial had he lived and elected to take the stand and give testimony in behalf of the petitioner. State ex rel. Johnson v. Mayo, Fla., 69 So.2d 307, certiorari denied 347 U.S. 992, 74 S.Ct. 855, 98 L.Ed. ___.
The only other new matter that petitioner has attempted to inject into his petition as the basis for a new trial is the averment in the petition that upon the second trial of the cause in the court below "The State engaged in a constructive suppression of evidence by refusing to have the medical doctor testify who had examined the [victim of the alleged rape] early the same morning the alleged rape was supposed to have occurred, and your petitioner based upon information and belief, believes that the state suppressed the testimony of the medical doctor because the said medical doctor would have testified that [the victim of the alleged rape] had not been raped."
*593 It takes nothing more than a casual inspection of this allegation to disclose that it does not constitute a sufficient predicate for the issuance of the writ. It is not shown, for example, that the petitioner did not know that the medical doctor had examined the victim of the rape. It is not shown that any effort was ever made by the petitioner to call the doctor as a witness to testify in his behalf. It is not shown that the medical doctor would have given testimony favorable to the petitioner had he been called to testify. All that is shown by the petition in this regard is that the petitioner believes that if the doctor had been called he might have given testimony favorable to his cause. Therefore, in the light of the tacit admissions in the allegations of the petition, it is entirely immaterial that the state did not call the medical doctor as a witness, because the defendant, petitioner in this proceeding, was free to do so.
Furthermore, while from aught that appears in the petition to the contrary, the petitioner might have known at the time of the second trial that the medical doctor had examined the victim of the rape, the petitioner has not made any attempt in his petition to give a reason for his failure to raise on the prior appeal the ground now asserted for the first time in his petition for habeas corpus. Therefore, it must be held, under the decisions, that he has waived or forfeited the right to raise the issue by his failure to make timely assertion thereof. State ex rel. Johnson v. Mayo, supra. Habeas corpus may not be used as a vehicle to raise for the first time questions that the petitioner had a fair and adequate opportunity to raise, and could and should have raised, during the formal trial of the cause.
At the bar of this Court counsel for the petitioner has requested the Court, in the event it denies the petition, to grant a stay of sentence to enable the petitioner to seek a review of our order by certiorari. We find no federal question involved in this controversy, and consequently the application for stay should be denied.
Accordingly, it is ordered that the petition for the writ of habeas corpus, and the application for a stay order, be and the same are hereby severally denied.
ROBERTS, C.J., and TERRELL, THOMAS, HOBSON, MATHEWS and DREW, JJ., concur.