MATHEWS, Chief Justice.
There has been filed a petition for a writ of habeas corpus where the petitioner attempts to question the legality of the judgment and sentence heretofore entered in this cause. From a careful study of the petition, no facts appear therein that have not heretofore been set at rest by the judgment of this court on appeal, which has now become final, and the sentence entered in the cause. See Copeland v. State, Fla., 76 So.2d 137. Therefore, the matters set forth in the petition are not now open for adjudication. See State ex rel. Johnson v. Mayo, Fla., 69 So.2d 307, certiorari denied Johnson v. Mayo, 347 U.S. 992, 74 S.Ct. 855, 98 L.Ed. 1125; Irvin v. Chapman, Fla., 75 So.2d 591, certiorari denied 75 S.Ct. 297; Washington v. Mayo, Fla., 77 So.2d 620.
The petition shows on its face that the petitioner is confined in custody awaiting the execution of the sentence of death under an indictment and prosecution brought under Section 794.01, F.S., F.S.A. He was convicted by a jury without recommendation for mercy. In an extraordinary motion for new trial the petitioner claimed that he could not be prosecuted under Section 794.01, F.S., F.S.A., and that the sentence of death was illegal because he could only be prosecuted and sentenced under Chapter 28158, Laws of Florida 1953, F.S.A. § 801.02 et seq., designated as amendments to the Child Molester Act. It was contended by the petitioner that under Chapter 28158, the sentence of a person convicted of rape of a female under 14 years of age should not exceed 25 years in the State Prison at Raiford, although a conviction on a charge of rape of a female over 14 years of age carried with it the sentence of death unless there was a recommendation for mercy.
In considering this extraordinary motion for a new trial, the Circuit Judge in the exercise of his discretion passed upon the identical question which the petitioner attempts to again litigate. After the Circuit Judge decided the question involved contrary to the contention of the petitioner, he appealed to this court. In his appeal to this court, among others, petitioner set forth the following assignments of error:
“1. That the Court was without jurisdiction to try the defendant for the offense charged in the indictment, the same not being a capital offense under the provisions of Chapter 28158, Laws of Florida, effective as of June 15, 1953.
• “2. That said' sentence imposed exceeds the penalty provided by law.”
*401 Almost the entire burden of the brief for the petitioner and oral argument at the bar of this court was concerning the questions now attempted to be relitigated.
In deciding the question now presented by appeal, this court said:
“The 1953 Act amending the Child Molester Act does not comply with this section of the Constitution because: (1) it embraces eleven different crimes denounced by other statutes of the State of Florida, (2) it does not publish at length the statutes with reference to rape which it attempts to amend, and (3) the title of the Act is insufficient to give notice that one of the purposes of the Act is to change the penalty for rape where the verdict is guilty without a recommendation for mercy, from death, to not exceeding twenty-five years, when the age of the female is fourteen years or under. Under the contention of the appellant the Circuit Court would be without jurisdiction and he could only be tried in Duval County in the Criminal Court of Record with a jury of six instead of a jury of twelve, and receive a penalty of only twenty-five years instead of life imprisonment or death, where the age of the female is fourteen years, or under. The title is wholly insufficient to put the members of the Legislature and the public on notice of any such drastic amendment in the rape statute.
“It is unnecessary to discuss any other crime except that of rape and as applied to rape and the penalty therefor, Chapter 28158, Laws of Florida 1953, violates Section 16, Article III of the State Constitution [F.S.A.], and is void and of no effect. Such being the case, the Circuit Court had jurisdiction to try the case and to impose the death penalty upon a verdict of guilty without recommendation for mercy.”
In deciding the case on appeal there was no violation of the Constitution of the United States involved. It was purely a question of the construction of the statutes and Constitution of the State of Florida. In this petition for habeas corpus, the petitioner contends that the sentence will deprive him of his life without due process of law and in violation of the equal protection of the law guaranteed to him by Section 1 of the Declaration of Rights of Florida and by the 14th Amendment to the Constitution of the United States of America because the death penalty for the crime of which he was convicted is in excess of the penalty provided for by Section 801.03(1) (a), Florida Statutes, F.S.A., and the opinion of this Court, holding that the said statute was unconstitutional, deprived petitioner of his rights and protection afforded by the Constitution of the United States. Such contention set forth in the petition for writ of habeas corpus is nothing more than a mere conclusion and no facts are alleged to justify such conclusion. No Federal question is involved.
The questions now attempted to be raised have heretofore been raised by the petitioner and they have been settled. No petition for rehearing was filed after the opinion on the appeal was filed, although the appellant (petitioner here) had ample opportunity to do so, and was represented by able attorneys. The opinion settled the law of the case. Even if they have not been settled, it is elementary that habeas corpus may not be used as a vehicle to raise for the first time questions that the petitioner had a fair and adequate opportunity to raise and could and should have raised during the formal trial of the cause, and on appeal.
Because the facts on which we have predicated our conclusion are made so clear by the allegations of the petition for habeas corpus and the appeal-record lodged in this Court, of which we take judicial notice, no good purpose would be served by ordering the issuance of the writ and then requiring of the respondent that he raise in a return thereto the matters which he has raised by his objections to the issuance of the writ, which he has iijterposed at this hearing. Consequently, the determination as to whether or not the petitioner has shown himseLf to be entitled to the writ will be de *402 termined on the objections interposed by the respondent at this hearing.
It is ordered that the petition for writ of habeas corpus be and the same is hereby denied.
THOMAS, SEBRING and DREW, JJ., concur.