87 So.2d 501 (1956)
STATE of Florida ex rel. Charlie COPELAND, Jr., Petitioner,
v.
Nathan MAYO, Prison Custodian of the State of Florida, Respondent.
Supreme Court of Florida. En Banc.
April 27, 1956.
*502 Releford McGriff and Ernest D. Jackson, Sr., Jacksonville, for petitioner.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
TERRELL, Justice.
July 24, 1953, petitioner was indicted for rape in Duval County. He was tried and convicted September 23, 1953, without recommendation for mercy and was sentenced to death by electrocution. On appeal to the Supreme Court of Florida his conviction was affirmed and mandate transmitted to the Circuit Court December 16, 1954, 76 So.2d 137. Petition for writ of habeas corpus was denied by the Supreme Court of Florida March 1, 1955, 78 So.2d 399. Certiorari to the Supreme Court of the United States was denied October 10, 1955, 350 U.S. 851, 76 S.Ct. 92. Petitioner alleges that petition for habeas corpus was denied by United States District Court, Southern District of Florida, April 21, 1956, on the ground that the question, being the same as that raised here, had not been presented to the Supreme Court of Florida.
Petitioner now seeks relief in this court by writ of habeas corpus on the grounds (1) that the death sentence imposed on him is excessive and discriminatory and deprives him of the equal protection of the law in that it is violative of Section 1, Declaration of Rights, Constitution of Florida, F.S.A., and the Fourteenth Amendment to the Constitution of the United States, in that the death penalty for the crime of rape is meted out almost exclusively to defendants of petitioner's racial identity; (2) petitioner further alleges that for a period of more than 20 years only one white defendant has been executed for rape in Florida while over twenty-three colored defendants have been executed for rape; that at least two white defendants have in recent years been convicted of rape and both received recommendations to mercy, avoiding the death penalty; (3) petitioner further alleges that the jury has for more than 20 years consistently returned verdicts without recommendation to mercy in cases where defendants were colored citizens and the victims were white females, "but that during the same period has almost never brought back a verdict of guilty without a recommendation of mercy where the defendants are members of either the colored or white race"; the jury returning the verdict in this case without recommendation to mercy, subjecting defendant to the death penalty, is a denial of defendant's rights to equal protection of the laws as prescribed in Section 1, Declaration of Rights, Constitution of Florida, and the Fourteenth Amendment to the Federal Constitution in that the death penalty is meted out only to members of defendant's racial identity when the victim is of different racial identity than the accused; (4) petitioner further alleges that his rights as set forth herein have not been previously adjudicated by the Supreme Court of Florida or the Supreme Court of the United States; however, the case of State v. Jimmie Lee Thomas is now pending before the Supreme Court of Florida where the precise issue set out herein was timely raised and that to execute petitioner prior to the disposition of the Jimmie Lee Thomas case would subject him to death penalty "which may be unconstitutional"; (5) the petitioner further alleges and shows that he is without funds to pay the costs of this proceeding and cannot raise any money to pay same, and unless the costs thereof are taxed against the State of Florida, your petitioner will be unlawfully deprived of the writ of habeas corpus. The petition contains the appropriate prayer for relief and that upon final hearing petitioner's sentence be declared null and void and that he be returned to the proper court to be sentenced according to law.
The point for determination is whether or not on the showing made by the petition as detailed in the previous paragraph the writ of habeas corpus should be granted.
*503 Summarized, the sole ground relied on for issuance of the writ of habeas corpus is embraced in the allegation, "history shows that the jury has, over a long and extended period of years, to wit, over 20 years, consistently returned verdicts without recommending mercy in cases where the defendants were colored citizens and the victims were white female citizens, but during the same period of time has almost never brought back a verdict of guilty without recommendation of mercy where the defendants are members of the white race and the victims are members of either the colored or white race; the jury returning a verdict in this case without a recommendation of mercy, and subjecting this defendant to the death penalty, is a denial of defendant's rights to the equal protection of the laws as prescribed in the Constitution of Florida, the Declaration of Rights, Section 1, and the United States Constitution, Fourteenth Amendment, in that the death penalty is meted out only to members of the defendant's racial identity where the victim is of a different racial identity than that of the accused."
Throughout his trial in the Circuit Court, on his appeal to this court, including proceedings before the Federal Courts enumerated herein, petitioner was ably represented by competent counsel who made available every defense known to the law in his behalf. In none of these proceedings has the question now raised been presented. Since the point now presented has not been previously raised, despite ample opportunity to do so, under well settled rules of decisions, we are driven to the conclusion that he has waived or forfeited the right to raise it. Baker v. State, 150 Fla. 446, 7 So.2d 792; Jennings v. Illinois, 342 U.S. 104, 72 S.Ct. 123, 96 L.Ed. 119; Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541; Cochran v. Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453; State ex rel. Linick v. Coleman, 144 Fla. 458, 198 So. 100; Skipper v. Schumacher, 124 Fla. 384, 169 So. 58, certiorari denied 299 U.S. 507, 57 S.Ct. 39, 81 L.Ed 376; Collingsworth v. Mayo, Fla., 37 So.2d 696; Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849.
In his petition for habeas corpus petitioner offers no reason for his failure to raise the point now asserted. He should have raised it in his original trial and had ample opportunity to do so. It is settled law in this country that a defendant in a subsequent proceeding whatever its nature, cannot raise issues that were previously raised and determined or that he had a fair and adequate opportunity to raise and have determined in previous proceedings. State ex rel. Johnson v. Mayo, Fla., 69 So.2d 307, certiorari denied 347 U.S. 992, 74 S.Ct. 855, 98 L.Ed. 1125; Irvin v. State, Fla., 66 So.2d 288, certiorari denied 346 U.S. 927, 74 S.Ct. 316, 98 L.Ed. 419; Washington v. Mayo, Fla., 77 So.2d 620, 621; Irvin v. Chapman, Fla., 75 So.2d 591, 593; State ex rel. Copeland v. Mayo, Fla., 78 So.2d 399. These cases approve the doctrine that habeas corpus may not be used as a vehicle to raise for the first time questions that petitioner had a fair and adequate opportunity to raise and could and should have raised during the formal trial of the cause and on appeal.
Aside from the holdings pointed out, on the merits, we do not think there is anything to the point raised. It is not shown to have any bearing on or relation to the case at bar. The historical fact that over a period of 20 years or more one white man and 23 Negroes have been tried and convicted for rape in Florida offers no lead to the correct determination of this case. The facts in none of these cases are shown to be remotely relevant to the case at bar and the points of law raised are not shown to be parallel in the slightest. To a sociologist or a psychologist in some fields of research they would no doubt have value, but in a court of law as presented they are devoid of force or effect.
The petition for habeas corpus is therefore denied.
DREW, C.J., and THOMAS, ROBERTS, THORNAL and O'CONNELL, JJ., concur.