WHITE, Judge.
Norman Saunders was adjudged in criminal contempt for a successive violation of a prohibitive order previously directed to him by the juvenile court. He was sentenced to one year at hard labor in the county jail for Sarasota County.[1] On petition for writ of habeas corpus this court issued a rule directing respondent Ross Boyer, as Sheriff of Sarasota County, to show cause why the writ should not issue.
The meagre record leaves much to conjecture. The partial record supplied by petitioner is insufficient to show that he was not accorded due process of law. On the other hand the return and supplemental record presented by the State do not affirmatively demonstrate that petitioner was accorded due process of law. We cannot consider matters dehors the record. Petitioner, however, concedes that the court had jurisdiction to sentence him for contempt and limits the issue to whether or not the twelve month sentence at hard labor was excessive under the circumstances.[2]
On habeas corpus the scope of the review is to determine the legality of the imprisonment. It is not a substitute for appeal. Sneed v. Mayo, Fla.1953, 66 So.2d 865, 869; State ex rel. Linick v. Coleman, *696 144 Fla. 458, 198 So. 100; Skipper v. Schumacher, 124 Fla. 384, 169 So. 58, certiorari denied 299 U.S. 507, 57 S.Ct. 39, 81 L.Ed. 376; Collingsworth v. Mayo, Fla., 37 So.2d 696; Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849. Accordingly an objection to the severity of a sentence ordinarily will not be heard on habeas corpus. See e.g. State ex rel. Johnson v. Mayo, Fla.1954, 69 So.2d 307, 308, 309; 15 Fla.Jur. Habeas Corpus § 48. However, where an attack was directed to a sentence alleged to be wholly unauthorized by law, the Supreme Court of Florida held in McDonald v. Smith, 1914, 68 Fla. 77, 79, 66 So. 430:
“A sentence of a court that is wholly unauthorized by law may be a nullity, and as such may be collaterally assailed in habeas corpus proceedings. There being no express or implied authority in the criminal court of record to impose and enforce a sentence to 'serve at hard labor on the county roads,’ such a sentence is void. The sentence of the criminal court of record being void, the affirmance of it by the circuit court gave it no validity.”
Section 922.05(2) Fla.Stat., F.S.A. permits a sentence “at hard labor” to be imposed only against a “convict”;[3] but a criminal contempt is not a crime. Ballengee v. State, Fla.App.1962, 144 So.2d 68, 70 and cases therein cited. A contemnor, as such, is not a convict since he has not been convicted of a crime although he may have been lawfully incarcerated.[4]
The question has not been raised, but it has come to our attention that a sentence at hard labor for contempt is subject to the restrictions of Sections 8 and 19 of the Declaration of Rights, Constitution of the State of Florida, F.S.A. Otherwise, in the absence of valid statutory limitations-,, the contempt power of the sentencing court is practically plenary. Noting that as a general rule habeas corpus does not lie to> correct mere irregularities or procedures-other than jurisdiction, the Supreme Court observed in State ex rel. Grebstein v. Lehman, 1930, 100 Fla. 481, 129 So. 818 that punishment for criminal contempt must be for a definite period. The court also stated ;
“ * * * It is not for this court to say what punishment, if any, another court should inflict for a contempt against that court, so long as it is imposed within the limitations fixed by the Constitution and the laws. If upon remandment the court below should impose a punishment beyond its power under the Constitution and statutes, the petitioner would have his remedy. But we cannot presume that the circuit court would abuse its powers. As a general rule,, trial courts are very moderate and reasonable in their exercise of the power to punish for contempts.”
The sentence here assailed ordered the petitioner confined at hard labor for tile period of one year, with the further provision that the petitioner shall pot be eligible for trustee status during his incarceration. Courts of this state have-frequently noted that the severity of the-sentence should be balanced with the gravity of the offense; that the broad and inherent, power to punish for contempt should be-cautiously and sparingly exercised; and that the sentence should not be so excessive as tO' derogate judicial dignity. See e.g. State v. Clemmons, Fla.1963, 150 So.2d 231, 234; Ballengee v. State, Fla.App.1962, 144 So.2d 68, 72, 73; Neering v. State, Fla.App.1962, 141 So.2d 615, 617; Geary v. State, Fla.App.1962, 139 So.2d 891, 892; Phillips v. State, Fla.App.1962, 147 So.2d 163, 164, 165.
*697 The sentence imposed being unauthorized by law and void, the petition for habeas corpus is granted, the sentence ■quashed and the petitioner remanded to the ■custody of the respondent for presentation to the Juvenile Court for Sarasota County for proper sentencing in the light of the stated principles.
It is so ordered.
SMITH, C. J., and SHANNON, J., concur.

. Under § 39.13 Ma.Stat., US.A., the Juvenile Courts have the same power to punish for contempt as do the circuit courts. See also Graham v. State ex rel. McMurrough, Fla.App.1962, 144 So.2d 97; §§ 38.22, 38.23 Fla.Stat., F.S.A.

. Petitioner’s brief states:
“The Petitioner in this cause does not contend that the judge of this court did not have jurisdiction to sentence him for contempt, but a period of twelve months in the county jail at hard labor is excessive under the circumstances. We believe that sixty days would have been sufficient had this Petitioner been guilty of contempt of the Juvenile Court, but commitment issued by the Sheriff of Sarasota County shows that the Juvenile Court still attempts to have jurisdiction of this Petitioner. Under this commitment, should the sheriff or any of his deputies wish to use him as a trusty or do any work around the jail, they would be in contempt of this court. The statute giving the judge of the Juvenile Court the same power to punish for contempt, and as the Circuit Court has, does not mean that the judge should be unreasonable in his sentencing for contempt.”

. “(2) When punishment of imprisonment in the county jail is awarded against any convict, the court may also sentence the prisoner to be employed at hard labor * * (emphasis added)

. Black’s Law Dictionary defines a “convict” as one who has been adjudged, guilty of a crime or misdemeanor.