PER CURIAM.
James Louie Stone, defendant, appeals an order denying post-conviction relief after hearing under Criminal Procedure Rule No. 1, F.S.A., Chapter 924, Appendix.
Defendant and Paul Oakes were charged with breaking and entering a building with intent to commit a felony. Defendant’s girlfriend, later his wife, engaged the legal services of John Hiatt to represent both Defendant-Stone and Oakes. Mr. Hiatt was paid a fee, which was to be half of the fee for each defendant. Mr. Hiatt stated that he would accept the money as defendant’s fee and that Oakes could pay his own fee. Both defendant and Oakes conferred with attorney Hiatt prior to trial.
On the morning of the trial Mr. Hiatt announced to the court that he had not been paid by Oakes, and therefore he only represented Defendant-Stone. The court then appointed Hiatt to represent Oakes as well as Stone. Both were found guilty by a jury of breaking and entering with intent to commit a misdemeanor. Oakes received a sentence of eighteen months; Stone, four years and eleven months.
In his amended motion Stone alleged that he did not approve of Hiatt’s appointment to represent Oakes, that Oakes had been apprehended at the scene in possession of stolen property, and that Stone’s involvement was predicated solely upon statements given by Oakes in exchange for promises of leniency by the officers. Stone alleged that Hiatt’s representation of Oakes deprived him of effective representation in that it *446 prevented Hiatt from moving for a severance or challenging Oakes’ credibility and motives.
At the hearing on the motion it was shown that Stone’s apprehension had resulted chiefly from a physical description given by Oakes of his alleged accomplice. However, Stone’s involvement was predicated chiefly upon his apprehension with part of the stolen property under incriminating circumstances.[1]
At the hearing Stone testified that he had not been asked whether he objected to Hiatt’s representing Oakes and did not learn about Oakes’ statement until the trial. The prosecutor and Mr. Hiatt each testified that the court questioned Mr. Hiatt and both defendants before making the appointment. Mr. Hiatt further testified that Oakes previously had told him of statements he had made implicating Stone. Both defendants had come to Hiatt’s office before the trial, and Hiatt had discussed with them the matter of representing both. Mr. Hiatt did not think that questioning Oakes’ motives or pointing out his prior felony convictions was the proper way to conduct the defense. Stone himself previously had been convicted of five felonies and more misdemeanors than he could remember. Under the circumstances Mr. Hiatt did not deem it suitable for Stone to take the stand. Mr. Hiatt made no motion for severance because he was firmly convinced from prior experience that a severance could not be obtained.
In short, the evidence here affirmatively establishes an effective waiver by Stone of his right to the undivided assistance of counsel of his own choice as well as a prior inquiry by the court of Stone’s attorney concerning the propriety of his representing both defendants.[2] Further, the record fails to show that private counsel’s representation of Oakes impaired the effectiveness of his representation of Stone under the particular circumstances of this case. These facts distinguish this case from the following cases cited by appellant: Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Campbell v. United States, 1965, 122 U.S.App. D.C. 143, 352 F.2d 359; Craig v. United States, 6 C.A.1954, 217 F.2d 355.
Affirmed.[3]
SMITH, C. J., and ANDREWS and WALDEN, JJ., concur.

. Stone admitted that he had driven Oakes “somewhere” on the night in question, ;that he had been stopped 'and questioned at the scene before his involvement be'came known, and that he was hiding in .a closet when apprehended. He testified •that he spent the evening drinking with friends of his wife, named Bill and Marge “Jones or Smith,” that he wont to the •scene to find out what the disturbance •was about, and that he hid in a closet when the officers knocked because he -feared his wife’s ex-husband. Stone testified that the Jones or Smith couple •disappeared or moved back to Carolina isoon after the crime. Mrs. Stone testified for her husband. She was not questioned concerning the whereabouts of her friends, Bill and Marge. She did testify that she and her husband had no enemies or anything to fear. She could not explain Stone’s hiding in the closet.

. By “effective waiver” we mean that Stone intelligently and understandingly waived his right (See Miranda v. United States, 1966, 384 U.S. 436, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694); i. e., he intentionally relinquished or abandoned a known right (See Brookhart v. Janis, 1966, 384 U.S. 1, 86 S.Ct. 1246, 1247, 16 L.Ed.2d 314).

. See, e. g., Mohler v. United States, 7 C.A.1963, 312 F.2d 228 (cert. denied, 374 U.S. 854, 83 S.Ct. 1922, 10 L.Ed.2d 1074); Lott v. United States, 5 C.A. 1955, 218 F.2d 675 (cert. denied, 351 U.S. 953, 76 S.Ct. 848, 100 L.Ed. 1477); Farris v. Hunter, 10 C.A.1944, 144 F.2d 63; Draper v. Rhay, D.C.E.D.Wash.S.D. 1964, 242 F.Supp. 829 (aff’d., 4 C.A. 1966, 358 F.2d 304, 305). Cf. United States v. Rollnick, 2 C.A.1937, 91 F.2d 911; Collingsworth v. Mayo, D.C.S.D. Fla.1949, 85 F.Supp. 207; 21 Am.Jur.2d, Criminal Law, § 319; Annot,, 148 A.L.R. 183.