**Elliott Laverne PRINCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43324.**

Court of Criminal Appeals of Texas.

Dec. 31, 1970.

Warren Heagy, Odessa, for appellant.

John L. Hoestenbach, Jr., Asst. Dist. Atty., John L. Green, Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge:

The offense is robbery by assault; the punishment, twenty (20) years.

■ The sole question raised by appellant's counsel on appeal is the competency of his retained trial counsel.

His first four complaints relate to the alleged failure of counsel to talk to certain defense witnesses before calling them to the stand. We are in no position to say that this was not a tactical maneuver. Certainly, the appellant (his client) knew what the witnesses were going to say. He next says that counsel made no effort to contact or interview one Elliott Chubby Sweeney prior to trial. At the close of one day of the trial, witness Sweeney's name was called and he did not respond. The court adjourned for the night saying that the case could be reopened if the witness showed up the next morning. He did and testified. It was not shown that he gave any testimony which was surprising or different from the other witnesses.

He next says that counsel allowed the appellant's brother to remain in the courtroom after the rule had been invoked, thus depriving the appellant of his testimony. The brother's testimony was elicited in the absence of the jury and we have concluded that it was only cumulative of the mother's testimony on a relatively collateral matter concerning a search for a coat the day after the robbery. The coat was not found. This was shown by the officers as well as the mother.

He next contends that his counsel elicited testimony from him, as a witness that he had been convicted for a misdemeanor which did not involve moral turpitude. Appellant's counsel then elicited evidence showing that appellant had originally been indicted for "armed robbery," that the charge had been reduced to a misdemeanor charge of aggravated assault upon a male, and that the offense was of the same nature as the one for which he was being tried. This testimony allowed the State to further develop the facts in the previous case and introduce other evidence of a prejudicial nature. What appellant seems to claim is that this Court should second-guess his retained attorney as to the advisability of having him testify and propounding these questions to him. This we decline to do.

He next contends that his attorney at trial erroneously permitted the State to inquire as to the state of mind of the injured party in this robbery case. One of the ingredients of Article 1408, Vernon's Ann. P.C. (Robbery) is the putting in fear of life or bodily injury.

He next contends that his attorney at trial failed to object when the arresting officer testified that he ceased his investigation into this case because he felt that he had the right man. We find no merit in this contention.

■ He next contends that his attorney at trial permitted the State to question him as to his attitude toward the police, "white people," and his legal rights. Having elected to testify, the appellant was subject to legitimate cross-examination.

He next contends that his attorney at trial erred in electing to have the trial court assess the punishment. This is another second-guess we decline to make.

He next contends that his attorney at trial did not properly cross-examine the

State's witnesses. We find that he cross-examined the injured party for nineteen pages of this record and did so adequately. This we conclude constituted compliance with the holding in Collingsworth v. Mayo, 5 Cir., 173 F.2d 695, relied upon by the appellant's attorney on appeal.

His last contention is that a combination of the prior complaints showed that he was not adequately represented at trial.

At the hearing on motion for new trial, appellant's retained counsel at trial was not called as a witness but the record reflects that he had been County Attorney of the county where the trial was held and had practiced law for at least three years.

We are fully aware of the holdings of the Fifth Circuit Court of Appeals in Kennedy v. United States, 259 F.2d 883, cert. denied 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed. 2d 982; Howard v. Beto, 5 Cir., 375 F.2d 441, the footnote in Breedlove v. Beto, 8 Cir., 404 F.2d 1019, and our own holding in Vessels v. State, Tex.Cr.App., 432 S.W.2d 108. We have reviewed this record in the light of the above holdings and conclude that appellant was afforded adequate representation in his trial.

Finding no reversible error, the judgment is affirmed.