GEORGE BISHOP, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An accomplice, jointly indicted with another for the crime of murder, is a competent witness on behalf of the State upon the separate trial of his co-defendant.

2. Under Section 1096, Revised Statutes, which provides that persons who may have been convicted in any court in this State of certain designated crimes shall not be competent witnesses, the conviction includes the judgment or sentence of the court. Prior to such sentence the person offered as a witness is competent, even though upon a trial previously had he has been found guilty by the verdict of a jury.

3. Evidence examined and found sufficient to support the verdict.

Writ of error to the Circuit Court for Hernando county.

The facts in the case are stated in the opinion of the court.

*Wall & Stevens*, for Plaintiff in Error.

*The Attorney General*, for Defendant in Error.

CARTER, J.:

At a term of the Circuit Court of Hernando county held in June-July, 1898, the plaintiff in error was convicted of murder in the first degree, but recommended to mercy, under an indictment charging him and one Jake Milliken, *alias* Bob Brinson, as principals, the latter in the first, the former in the second degree, with the murder of John Sharp, and from the sentence imposed sued out this writ of error.

Milliken had upon a separate trial been found guilty of murder in the first degree with recommendation to mercy, but had not been sentenced when plaintiff in error was tried. The State offered Milliken as a witness and plaintiff in error objected to his being allowed to testify upon the ground that he had been convicted of murder. The objection was overruled, and this ruling together with the one refusing to grant a new trial, upon the ground that the verdict was contrary to the law and the evidence, constitute the only grounds of error argued in this court, though others are assigned. We have confined our investigations to these two questions, only.

The fact that Milliken was an accomplice in the murder, and jointly indicted with plaintiff in error for that crime, did not render him an incompetent witness when offered on behalf of the State on the separate trial of his codefendant, unless he had been convicted within the meaning of the statute hereinafter referred to. Adams v. State, 28 Fla. 511, 10 South. Rep. 106. Section 1096, Revised Statutes of 1892, reads: "Persons who may have been convicted in any court in this State of murder, perjury, piracy, forgery, larceny, robbery,

arson, sodomy or buggery shall not be competent wit-
nesses (even a pardon of a person convicted of perjury
shall not render him competent). Such conviction may
be proved by questioning the proposed witness, or if he
deny it, by producing a record of his conviction." We
said in State *ex rel.* Owens v. Barnes, 24 Fla.153, 4 South.
Rep 560, that while in its ordinary sense the word con-
viction is used to indicate the ascertainment of the guilt
of a prisoner by his plea of guilty or by the verdict of a
jury, it is often used in a broader sense to include the
sentence of judgment of the court. At common law,
persons who had been convicted of certain crimes were
disqualified from testifying as witnesses, but the convic-
tion contemplated by the common law rule included the
sentence or judgment of the court, and was satisfied
with nothing less. Lee v. Gansel, 1 Cowp. 1, text 3;
Regina v. George, 1 Car. & Marsh. 110; United States
v. Dickinson, 2 McLean, 325; State v. Valentine, 7 Ire-
dell (N. C.) 225; People v. Whipple, 9 Cow. (N. Y.)
707; Dawley v. State, 4 Ind. 128. Our statute relating
as it does to the same subject, and intended to make
definite the particular crimes the conviction of which
should disqualify, evidently uses the word convicted in
the same sense as it was used at common law in relation
to the same subject-matter, and therefore in the broad-
er sense of including the sentence or judgment of the
court. And this construction of the statute is sustained
by the text-writers and adjudged cases. I Bishop Crim.
Law, §795; 1 Greenleaf Ev., §375; Faunce v. People, 51
Ill. 311; Keithler v. State, 10 S. & M. (Miss.) 192;
Blaufus v. People, 69 N. Y. 107, S. C. 25 Am. Rep. 148;
Commonwealth v. Gorham, 99 Mass. 420; Marion v.
State, 16 Neb. 349, 20 N. W. Rep. 289; Arcia v. State,
26 Tex. App. 193, 9 S. W. Rep. 685. The ruling admit-

ting the testimony of the witness Milliken was therefore correct.

We have carefully examined the testimony certified to us, and we find nothing which justifies us in holding that the court below erred in overruling the motion for a new trial. The verdict is certainly not contrary to the law, and there was evidence sufficient to support it if believed by the jury to be true.

The judgment is affirmed.