THOMAS YATES AND WILLIE GREY, PLAINTIFFS IN
    ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN
    ERROR.

1.  Under section 2810 Revised Statutes any person held to answer to a criminal charge may object to the competency of one summoned to serve as a grand juror before he is sworn, upon the grounds stated in that section, but in order to make his objection available he must offer proof that his grounds of objection are true, unless it otherwise appears to the court from the record that they are true.   It is too late to take the objection after verdict upon trial of the indictment found, even though it appears upon the trial that facts existed which would have authorized the challenge under the statute.

2.  Section 1152 Revised Statutes does not disqualify persons serving as jurors at one term of court from serving as jurors

at a subsequent term during the same year, but creates a personal privilege to an exemption from jury duty at such subsequent term if claimed by the jurors themselves.

3.  Under section 1096 Revised Statutes which provides that persons who may have been convicted in any court in this State of certain designated crimes shall not be competent witnesses, the conviction includes the judgment or sentence of the court. Prior to such sentence the person offered as a witness is competent, even though he may have pleaded guilty to an indictment charging a disqualifying offence.

4.  A verdict signed by the foreman of the jury, reading "we, the jurors, do find the defendants guilty; so say we all," shows definitely that such verdict was concurred in by each member of the jury.

5.  Evidence examined and found sufficient to support the verdict.

Writ of error to the Circuit Court for Clay County.

The facts of the case are stated in the opinion of the court.

*L. E. Wade,* for Plaintiff in Error.

*William B. Lamar,* Attorney General for the State.

CARTER, J.

At a term of the Circuit Court of Clay county held in October 1900, plaintiffs in error were indicted, tried and convicted of the larceny of a cow, the property of J. W. Lucas, and from the sentences imposed sued out this writ of error.

I.   Before the jurors composing the grand jury that found the indictment against plaintiffs in error were sworn, the attorney for Thomas Yates interposed in be-

half of his client a challenge to certain members thereof upon the following grounds: First, that J. W. Lucas was the prosecuting witness against Yates; second, that S. F. Hanford was under prosceution for crime; third, that A. B. Geiger, J. W. Lucas, Jesse Thomas and P. J. Rivers served on the jury at the preceding term (Spring term, 1900) of the Circuit Court.

1.    Section 2810 Revised Statutes provides that "any person held to answer to any criminal charge may object to the competency of any one summoned to serve as a grand juror before he is sworn, on the ground that he is a prosecutor or complainant upon any charge against such person, or that he is a witness on the part of the prosecution, and has been subpoenaed or been bound in a recognizance as such, and if such objection be established, the person summoned shall be set aside." It is claimed that under this statute the separate challenge as to Lucas should have been allowed. It does not appear from the record that any formal ruling upon the challenge was made, but it does appear that Lucas was sworn as a grand juror, notwithstanding the challenge. As will be seen, the statute requires that the juror objected to be set aside, if the objection be established. The record before us fails to show that any proof was offered in support of the grounds of objection stated in the challenge; nor does it appear that there was anything in the record before the court when Lucas was sworn tending to show that he was the prosecuting witness against Yates upon a criminal charge to be investigated by that grand jury. In order that a person held to answer a criminal charge may obtain the benefit of the objections to grand jurors mentioned in this statute, he must support his objections by

proof, where it does not otherwise appear to the court that they are true.

It appears from proceedings had subsequent to the ruling upon the challenge, that the grand jury of which Lucas was a member presented the indictment against Yates and Grey charging larceny of a cow, the property of Lucas; that Lucas' name was endorsed upon the indictment as a State witness and that upon the trial of the indictment Lucas was examined as witness on behalf of the State. In the motion for a new trial it was claimed that Lucas was an incompetent grand juror and a new trial was asked on that ground. Under the statute mentioned the objection must be taken and sustained by proof before the juror is sworn, and the objection can not be taken after verdict upon trial of the indictment found. Hudspeth v. State, 50 Ark. 534, 9 S. W. Rep. 1; Baker v. State, 58 Ark, 513, 25 S. W. Rep. 603.

2. The juror S. F. Hanford had been excused by the court before the challenge was ruled upon, and the challenge as to him was overruled on that ground. As he did not serve upon the grand jury nothing further need be said as to the challenge so far as he is concerned.

3. As to the third ground of challenge the court below ruled that the fact that the persons named had served upon the jury at the Spring term of the court the same year, did not under section 1152, Revised Statutes, disqualify them from serving as jurors at the subsequent Fall term of the court the same year, but that such fact constituted a personal privilege to an exemption from jury duty at the subsequent term, if claimed by the jurors themselves. This ruling is sustained by the decisions of this court in Blount v. State, 30 Fla. 287, 11 South. Rep.

547; Lambright v. State, 34 Fla. 564, 16 South. Rep. 582. The proposed jurors did not claim the privilege of exemption from jury duty, and were therefore qualified to serve.

II.   It was shown that Charlie Bryant, a witness offered on behalf of the State, had plead guilty to a criminal charge of breaking and entering with intent to commit larceny, but had not been sentenced for said offence. The plaintiffs in error objected to the competency of this witness, but the court overruled the objection and permitted the witness to testify, to which ruling an exception was taken. There is no error in this ruling. Even if the offence charged against Bryant was one which, upon conviction, would under section 1096 Revised Statutes, disqualify him as a witness the disqualification would not attach until after the judgment or sentence of the court. Bishop v. State, 41 Fla. 522, 26 South. Rep. 703.

III.   It is claimed by the second assignment of error that the verdict was insufficient to predicate a judgment upon.   It is argued that it does not appear by the verdict that it was rendered or concurred in by each member of the jury, but that for aught that appears it was the verdict of a portion only of the members of the jury.   The language of the verdict is as follows:

"Green Cove Springs, Fla., Oct. 23rd, 1900.

"We, the jurors, do find the defendants guilty; so say we all.          JAMES CONWAY, Foreman."

A   bare reading of the verdict will show that the objections are without merit.

IV.   Plaintiffs in error moved for a new trial upon the ground, among others, that the verdict was contrary

to the law and the evidence. The court is of opinion that the evidence is sufficient to support the verdict, and that the verdict is not contrary to the law or the evidence.

This disposes of all the points raised by the assignment of errors, and finding no reversible error, the judgments against plaintiffs in error are affirmed.