STATE *vs.* DAVID ALBERT.

Androscoggin.    Opinion June 17, 1926.

*The language "and the persons whose names are in the box are liable to be drawn*
*and to serve on any jury, at any court for which they are drawn, once in every three*
*years and not oftener, except as herein provided" in Sec. 4, Chap. 111, R. S., creates*
*an exemption and not a disqualification, and such exemption is a personal privilege*
*which may be asserted or waived by the juror.   It furnishes no ground of challenge*
*to the parties.*

On exceptions.   At the trial of this case at the June, 1925, Term of
the Superior Court for Androscoggin County, a juror disclosed on his
voir dire that he had served as a juror at the preceding April Term
of the same court, and was challenged for cause by counsel for the
respondent on the ground that the juror had served within three
years and was thus disqualified under Sec. 4, Chap. 111, R. S., but
the presiding Justice overruled the objection and refused to exclude
him from the panel, and respondent excepted.   Exceptions overruled.
Judgment for the State.

The case fully appears in the opinion.

*Benjamin L. Berman, County Attorney, and Elton H. Fales, Assistant*
*County Attorney*, for the State.

*Herbert E. Holmes*, for the respondent.

SITTING:  WILSON, C. J., PHILBROOK, DUNN, MORRILL, STURGIS,
BASSETT, JJ.

STURGIS, J.   At the trial of this case in the court below, a juror
disclosed on his voir dire that he had served in the same court within
a period of three months prior to the time of the trial.   He was chal-
lenged for cause and exception taken to the refusal of the trial Judge
to exclude him from the panel.

By Sec. 4, Chap. 111, of the R. S., after a list of jurors has been
duly prepared and approved, the names of those listed shall be placed
on tickets in the jury box, "and the persons whose names are in the

box are liable to be drawn and to serve on any jury, at any court for which they are drawn, once in every three years and not oftener, except as herein provided."

Section 11 of the same chapter provides that persons whose names are drawn from the jury box upon venires from the court "shall be returned as jurors unless they have served on the jury within three years," or by reason of sickness or absence from the town are considered unable to attend.

Section 12 immediately following declares, "In either of said cases (draft of person who has served within three years or is sick or absent) others shall be drawn in their stead; but any person thus excused, or returned and attending court, and there excused, shall not be excused on another draft, although within three years; and when all the persons whose names are in the box, have served within three years, or are not liable to serve, the selectmen shall draw out the required number of those who have not served for eighteen months."

The question raised by the exception is one of legislative intent to be gathered from the whole statute. Applying this rule, what do we find? There is no express disqualification of persons as jurors who have served as such within the previous three years. Nor do we think the language warrants an interpretation which would imply such a disqualification. Reading together all the provisions of the statute which bears upon the question of prior jury service, it appears that any person whose name is in the jury box is liable to serve not only once in three years but under certain circumstances oftener. If the box be emptied of names of persons who have not served within that period, then the draft shall be made from those who have not served within eighteen months. Again, if a person is drawn and at the draft or in the court he be excused, he is subject to all future drafts and resulting service. If the general provision against liability to draft and service oftener than once in three years was intended to effect an absolute disqualification, is it reasonable to presume that in the same Act provision would be made to meet the exigency of an empty jury box by calling disqualified jurors back to service, or taking away from them their disqualification if they had once been excused? We think not. The reasonable construction to be placed upon these several provisions is that they are intended to give to the citizen the privilege of an exemption from service more than once in three years, unless the list be exhausted or he be once excused.

Definition supports this construction. Webster defines "liable" as "bound or obliged in law or equity." The same meaning is given to the word in Black's Law Dictionary. In *Booth* v. *Commonwealth*, 16 Gratt. (Va.), 519, quoted in Words & Phrases, First Series, Vol. 5, Page 4110, "liable," as used in the Virginia statute declaring all free white male persons who are between the ages of twenty-one and sixty "shall be liable to serve as jurors," is held to mean "bound" or "obliged." And that court, in deciding that the statute creates an exemption and not a disqualification, says: "The word 'qualified' is neither expressed nor implied in the act. The word both expressed and implied is 'liable,' which has a very different meaning from 'qualified' ."

In other states, statutes of the same general import have been held to create exemptions only. The statute of Arkansas (Mansfield's Dig., Section 3995), declaring "No person shall be compelled to serve as a grand or petit juryman more than one term in any one year," is held in *Nat. Bank of Boyertown* v. *Schufelt*, 145 Fed., 509, "not (to) operate as a disqualification but only as a personal exemption which the person called as a juror could assert or waive as he chose." The statute of Florida (R. S., Sec. 1152), providing that "No person shall be drawn to serve on a petit jury more than once during the same calendar year, was construed in *Yates* v. *State*, 43 Fla., 177, to create a personal privilege to an exemption if claimed by the juror, but not to disqualify.

In this State, while the question of prior service has not been before this court, the general intent and purpose of this legislation has been considered in its application to other sections of the same statute. By Sec. 3, of Chap. 111, R. S., persons holding certain public offices or engaged in stated professions, etc., are exempted from service, and the statute declares that such names "shall not be placed on the list." But this directory provision is construed to create an exemption only. *State* v. *Quimby*, 51 Maine, 395. Section 2 of the same chapter provides that the board of municipal officers "at least once in every three years, shall prepare a list of persons, under the age of seventy years, qualified to serve as jurors." In holding that a juror seventy-four years of age was competent to serve, in *State* v. *Day*, 79 Maine, 127, the court said: "Statutes similar to the one in question exist in many of the states in this Country, as well as in England. But the general doctrine applicable

to these statutes is that they do not disqualify, but merely excuse the persons named." We think this doctrine extends to the provisions of the statute under consideration.

Upon the question of the respondent's right to challenge the juror for cause, the law is well settled in this State. An exemption is a personal privilege with which the parties to the cause have no concern, and which furnishes them no cause of challenge. The juror may assert or waive his privilege. If he assert it, the court would of course excuse him; if he waive it, the parties have no ground of complaint. *State* v. *Wright*, 53 Maine, 328; *State* v. *Quimby*, supra; *State* v. *Day*, supra.

There being no error in the ruling of the trial Judge, the entry must be,

> *Exception overruled.*
> *Judgment for the State.*