ISHMAEL WASHINGTON v. NATHAN MAYO, Florida Prison Custodian.

31 So. (2nd) 870                                            June Term, 1947
September 19, 1947                                            Division B

Ishmael Washington, in proper person.

*J. Tom Watson*, Attorney General, *Reeves Bowen*, Assistant Attorney General, for respondent.

BUFORD, J.:

On August 10th, 1947, petitioner exhibited in this Court a document which was considered as a Petition for Writ of Habeas Corpus and thereupon issued the writ.

The petitioner based his claim of right to be discharged upon our enunciations in Joyner v. State, 158 Fla. 806, So. (2) 304, third headnote.

The return of the Attorney General which sets up the record of the several convictions of petitioner shows that the petitioner was convicted on January 11th, 1926, of a felony in the Circuit Court of Jackson County and sentenced to serve 5 years in the State Prison. After the expiration of this 5 year sentence, on September 4th, 1934, petitioner was convicted of a felony in the Criminal Court of Record in Duval

County alleged to have been committed on a date subsequent to the conviction for the former offense and was sentenced to serve a term of 18 months in Duval County jail. After the expiration of this term, on October 31st, 1936, petitioner was convicted of a felony in the Criminal Court of Record of Duval County alleged to having been committed at a date subsequent to conviction of last offense and was sentenced to serve a period of 2 years. After the expiration of this term and on August 27th, 1940, petitioner was convicted of a felony in the Criminal Court of Duval County, alleged to have been committed at a date subsequent to conviction of last offense, and was sentenced to serve 6 years. That period of sentence has now expired but on the 5th day of September, 1940, subsequent to the four convictions, supra, petitioner was informed against and charged with being guilty of fourth conviction of a felony and, upon conviction, was sentenced to serve the balance of his natural life in State Prison.

So it definitely appears from the record that this petitioner does not come within the purview of the Joyner case, supra; nor does he fall within the purview of ex parte George F. Puckett, filed September 12, 1947, nor within the purview of Clemens v. Mayo, filed at this term of the Court. On the contrary, the record here shows that the several convictions of petitioner were had in such manner as to come within the purview of Section 775.09 and Section 775.10 Florida Statutes, 1941 (same F.S.A.).

So the writ of habeas corpus is quashed and the petitioner is remanded to the custody of respondent.

So ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.