MATHEWS, Justice.
This is a habeas corpus proceeding whereby the validity of a life sentence for a fourth conviction of a felony is questioned.
It appears from the record and the information that felony convictions were obtained and sentences imposed upon the petitioner as follows:
“(1) April 16, 1935, fifteen months sentence,
(2) On July 8, 1936, twelve months sentence.
(3) On October 19, 1942, 4 years sentence.
(4) On July 12, 1946, 5 years sentence.”
The petitioner insists that the information for a fourth conviction of a felony was wholly insufficient because no dates upon "which the alleged four crimes were committed were alleged, and that the information fails to satisfy the rule that the offenses committed after the first offense were in each case committed subsequent to the conviction for the preceding offense as required in the case of Perry v. Mayo, Fla., 72 So.2d 382, 384. In that case we said:
“To end the confusion', once for all, we adhere to the rule that in order to form a basis for sentence as a second or fourth offender, it must be established that offenses after the primary one were in each case committed subsequent to conviction for the preceding offense, but. we recognize the modification adopted in Washington v. Mayo, [159 Fla. 477, 31 So.2d 870] that an inference will be drawn that this requirement of the statutes has been met if it appears from the information filed under Secs. 775.09 or 775.10 [F.S.A.], that the periods between the' dates of conviction are longer in each cáse than the sentence imposed. It may be then implied that commission occurred in each case, but the first, after the conviction for the preceding crime.”
Respondent insists that it should be presumed in the absence of a contrary showing that the petitioner earned gain time allowable under the statute and if we indulge in that presumption, then sufficient time elapsed between the convictions to satisfy the rule.
We cannot indulge in any such unauthorized presumption. The presumption is that the petitioner was innocent until he was proven guilty under a sufficient information. There was no presumption that he was guilty.
Although the information charged that the petitioner had been convicted of four crimes, it did not allege the dates when the crimes were committed or that sufficient time elapsed between the four convictions to satisfy the rule announced in Perry v. Mayo, supra.
In the case of Joyner v. State, 158 Fla. 806, 30 So.2d 304, 306, this Court said:
“ * * * To constitute a second or ■ a fourth conviction within the purview of Sec. 775.09 or Sec. 775.10, supra, the information or indictment must allege and the evidence must show that the offense charged in each information subsequent to the first was committed and the conviction therefor was had after the date of the then last preceding conviction. In other words, the second conviction must be alleged and proved to have been for a crime committed after the first conviction. The third conviction must be alleged and proved to have been for a crime committed after both the first and second convictions, and the fourth conviction must be alleged and proved to have been for a crime committed after each of the preceding three convictions.”
The information is insufficient with reference tó a fourth conviction and the sentence as to a fourth conviction is void. However, the information is sufficient to *289 allege a second conviction and if he was guilty under such information, the prisoner may be remanded for a sentence as a second offender. Hodges v. Mayo, Fla., 65 So.2d 750. However, the County Solicitor is authorized to file a new information to to correct defects or insufficiencies.
The dates of the commission of the crimes are important and the information should allege such dates. A dozen crimes may have been committed on different dates and at different places, but the trial and conviction of each may be on the same day.
It is ordered that petitioner be and he is hereby remanded to the custody of the respondent with directions that he be presented to the Criminal Court of Record of Duval County, Florida, for the imposition of judgment and sentence as a second offender, pursuant to Sections 775.09 and 775.11, F.S., F.S.A., or for proper proceedings under a new information.
It is so ordered.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.