77 So.2d 620 (1955)
Ishmael WASHINGTON, Petitioner,
v.
Nathan MAYO, as Custodian of the Florida State Prison, Respondent.
Supreme Court of Florida. Division A.
January 28, 1955.
Ishmael Washington, in pro. per.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
SEBRING, Justice.
This is a habeas corpus proceeding wherein the petitioner questions the validity *621 of a judgment and sentence imposed upon him as a fourth offender under section 775.10, Florida Statutes 1951, F.S.A.
The information upon which the conviction was based charged, in effect, that the petitioner was convicted in the Circuit Court for Jackson County, Florida, on January 11, 1926, of a felony, to-wit, the larceny of a motor vehicle, and sentenced to serve a term of 5 years in the State Prison; and was convicted in the Criminal Court of Record for Duval County, Florida, on September 4, 1934, of a felony, to-wit, attempting to break and enter a building with intent to commit a felony, and sentenced to serve a term of 18 months in the Duval County jail; and was convicted in the Criminal Court of Record for Duval County, Florida, on October 31, 1936, of a felony, to-wit, receiving stolen property, and sentenced to serve a term of 2 years in the State Prison; and was convicted in the Criminal Court of Record for Duval County, Florida, on August 27, 1940, of a felony, to-wit, entering without breaking with intent to commit a felony, and sentenced to serve a term of 6 years in the State Prison.
The petitioner seeks first to attack the sufficiency of the information by which he was charged as an habitual criminal on the ground that it fails to state the date upon which the various offenses were committed and consequently does not constitute a lawful predicate for his conviction as a fourth offender.
The rule is clear that a convicted prisoner should not be heard to raise in a subsequent proceeding, whatever its nature, issues that were previously raised and determined, or that the prisoner had a fair and adequate opportunity to raise and have determined in earlier proceedings. State ex rel. Johnson v. Mayo, Fla., 69 So.2d 307, certiorari denied 347 U.S. 992, 74 S.Ct. 855, 98 L.Ed. 1125; Irvin v. State, Fla., 66 So.2d 288, certiorari denied 346 U.S. 927, 74 S.Ct. 316, 98 L.Ed. 419.
It appears from the allegations of the petition and the record in the cause that, in respect to petitioner's first contention, this is precisely what he seeks to do. For in the case of Washington v. Mayo, 159 Fla. 477, 31 So.2d 870, involving the present petitioner, this Court denied a writ of habeas corpus upon a petition setting forth the same objections to the information in question as are now raised. For the reasons stated there, which we now reaffirm, the petitioner has not shown himself entitled to discharge upon the ground that the information fails to state the dates upon which the various offenses were committed.
In respect to the sufficiency of an information charging a fourth conviction under the habitual offender statute, it was said in Johnson v. Mayo, Fla., 75 So.2d 287, 289, that "the dates of the commission of the crimes are important and the information should allege such dates." However, it was recognized in the opinion that while it is the better practice to state the dates of the commission of the crimes in the information, the failure to do so will not render the information insufficient, if it clearly appears from the allegations of the information that the periods between the dates of conviction on the four felonies charged are longer in each case than the sentence imposed. See Perry v. Mayo, Fla., 72 So.2d 382.
From the allegations of the information upon which the judgment and sentence of the petitioner is based, it appears that more than 8 years elapsed between the conviction and imposition of the 5-year sentence in the first case and the conviction in the second case; that more than 2 years elapsed between the conviction and imposition of the 18-month sentence in the second case and the conviction in the third case; and that more than 3 years elapsed between the conviction and imposition of the 2-year sentence in the third case and the conviction and imposition of sentence in the fourth case. It is plain, therefore, that the allegations of the information come squarely within the principles stated in Johnson v. Mayo and Perry v. Mayo, supra, and that the information must be upheld.
There is a second contention made by the petitioner in his petition for the writ, *622 which apparently was not raised upon the earlier proceeding, although the petitioner has not shown that he did not have a fair and adequate opportunity to raise and have it determined. He presently contends that his life sentence as an habitual criminal is void because of the fact that the 6-year sentence imposed upon him on August 27, 1940, for entering without breaking with intent to commit grand larceny, was in excess of the maximum sentence allowed under the applicable statute.
While there can be no doubt that under the applicable statute, section 810.03, Florida Statutes 1951, F.S.A., a sentence in excess of 5 years was not authorized, the fact that an excessive sentence was imposed does not invalidate the fourth-offender proceedings.
Section 775.10, Florida Statutes 1951, F.S.A., provides that "A person who, after having been three times convicted within this state of felonies or attempts to commit felonies * * * commits a felony within this state shall be sentenced upon conviction of such fourth or subsequent offense to imprisonment in the state prison for the term of his natural life." While the term "conviction" has sometimes been loosely used interchangeably with "sentence," or as connoting the entire process of criminal prosecution, see Bishop v. State, 41 Fla. 522, 26 So. 703; Daughtrey v. State, 46 Fla. 109, 35 So. 397; Smith v. State, 75 Fla. 468, 78 So. 530; Weathers v. State, Fla., 56 So.2d 536, it is plain that a "sentence" is not a necessary ingredient of a "conviction" where the latter term is used in its proper sense. Timmons v. State, 97 Fla. 23, 119 So. 393; Gordon v. State, 86 Fla. 255, 97 So. 428.
By literal definition, a conviction is "that legal proceeding * * * which ascertains the guilt of the party." 1 Bouv. Law Dict., Rawle's Third Revision, p. 672. Accord Timmons v. State, supra. And the term "sentence," as explicitly defined in our statutes governing criminal procedure, means "the pronouncement by the court of the penalty imposed on the defendant." Section 921.05, Florida Statutes 1953, F.S.A. See also sections 921.02 and 924.06(1) and (2).
In the face of this clear designation of the sentence as a post-conviction step in the process of criminal prosecution, and the recognition in the habitual offender statute itself of the distinction between conviction and sentence, section 775.11, we are of the opinion that the latter statute, in providing that persons "three times convicted" should be punishable under its terms, did not contemplate the imposition of valid sentences as a necessary condition precedent to its applicability. Section 775.10, supra. Accordingly, the fact that the sentence upon the last conviction herein involved may have been excessive cannot at this time have any effect upon the proceedings before us for review.
The cause should be dismissed and the petitioner should be remanded to custody under the judgment and sentence of which he complains.
It is so ordered.
MATHEWS, C.J., and TERRELL and ROBERTS, JJ., concur.