THOMAS, Justice.
When the petitioner applied for a writ of habeas corpus the Attorney General advised the court that the writ should issue. Now in the return of the Commissioner of Agriculture, as custodian of the Florida State Prison, signed by the Attorney General as his counsel, the suggestion is made “that the petitioner should be remanded to the trial court so that the State Attorney may have the opportunity to file a new habitual criminal information against him.”
In the information filed 2 October 1942, charging the petitioner with having become a habitual criminal, the dates of committing the primary and subsequent offenses are not given, the terms of sentences are not shown and the dates of conviction, except the years, do not appear.
Even under the decision in Washington v. Mayo, 159 Fla. 477, 31 So.2d 870, which relaxed to some degree the rule announced in Joyner v. State, 158 Fla. 806, 30 So.2d 304, the information in the instant case was insufficient. Perry v. Mayo, Fla., 72 So.2d 382.
•Therefore, under the decision in Harvey v. Mayo, Fla., 72 So.2d 385, the petitioner is remanded to the trial court for proceedings outlined in the opinion in that case which need not now be repeated.
It is so ordered.
MATHEWS, C. J., and HOBSON and DREW, JJ., concur.