91 So.2d 621 (1956)
Ishmael WASHINGTON, Petitioner,
v.
Nathan MAYO, Custodian of Florida State Prison, Respondent.
Supreme Court of Florida. Division A.
December 19, 1956.
Rehearing Denied January 17, 1957.
*622 Ishmael Washington, in pro. per.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
By petition for writ of habeas corpus the petitioner Washington seeks release from the State Prison where he is held pursuant to conviction and sentence under Sections 775.10 and 775.11, Florida Statutes, F.S.A., which are a part of our Habitual Criminal Act.
The point to be determined is the legality of the sentence to life imprisonment imposed upon the petitioner.
Some facet of this petitioner's problem has been considered by this Court on two other occasions. Washington v. Mayo, 159 Fla. 477, 31 So.2d 870; and Washington v. Mayo, Fla. 1955, 77 So.2d 620, certiorari denied, 350 U.S. 851, 76 S.Ct. 91, 100 L.Ed. 757. Our prior decisions adequately set out the factual background.
On August 27, 1940, the petitioner was sentenced to six years in the State Penitentiary upon pleading guilty to the offense of entering without breaking to commit a felony. This was his fourth felony conviction. It was designated as Case No. 16932. On August 29, 1940, a fourth offender information was filed. On September 4, 1940, petitioner pleaded guilty to the fourth offender information. He was then sentenced to the "State Penitentiary for the period of the balance of your natural life, sentence to commence after the expiration of sentence in case No. 16932."
It is now contended that the sentence pursuant to the Habitual Criminal Information was void for the reason that the trial judge prescribed that it would begin at the expiration of the described six-year sentence. Petitioner asserts that under Section 775.11, Florida Statutes, F.S.A., the trial judge should have vacated the six-year sentence as a condition precedent to prescribing the life sentence. He takes the position that the result is that he had been twice punished for the same offense or in the alternative that he has been twice put in jeopardy for the same offense.
*623 Pursuant to the prayer of the petition, we issued the writ and the matter now comes on for hearing on the petition and the response of the respondent.
Consistent with the recognized rule on the subject, conviction under a habitual offender statute involves neither double jeopardy nor double punishment for the same offense. Under these statutes the law simply prescribes a longer sentence for the subsequent offense. The increased punishment authorized by the statute is an incident to the last offense for which conviction was obtained. State v. Nelson, 160 Fla. 744, 36 So.2d 427. We have held that this statute does not offend the constitutional prohibition against ex post facto laws. Cross v. State, 96 Fla. 768, 119 So. 380.
Under Section 775.10, Florida Statutes, F.S.A., it is prescribed that one who is convicted of the commission of a fourth felony "shall be sentenced * * * to imprisonment in the state prison for the term of his natural life." In the instant case petitioner had been convicted of the fourth felony prior to the sentence under the habitual criminal statute. While it is true the trial judge prescribed that the life term should begin to run at the termination of the six-year term, the fact is that the maximum period for which one can be imprisoned is life. Therefore, when the life sentence in this case was prescribed to begin co-incident with the end of the six-year sentence, the practical effect of the prescribed sentence was to imprison the petitioner in the State Penitentiary for life. In other words, the failure to vacate formally the six-year sentence added nothing to, nor detracted anything from, the ultimate life sentence prescribed. Under these circumstances it is therefore our view that the error at most was purely technical and harmless and the language of Section 775.11, Florida Statutes, F.S.A., that the trial judge "shall vacate the previous sentence" in the particular situation before us had the effect ex proprio vigore of technically vacating the six-year sentence when the life sentence was prescribed.
We are of the view, however, and so hold that under this interpretation of the statute as well as under the factual situation presented, the life sentence imposed shall be considered as having been begun on the date that it was imposed, to-wit, September 4, 1940. This is so for the reason that in the event that this petitioner should ever be considered for commutation of sentence or parole he should be credited with the time served subsequent to his fourth felony conviction and sentence. This will preserve to the petitioner any and all rights which he might have acquired if the six-year sentence had been formally set aside and the life sentence begun on the date of the habitual criminal conviction and sentence.
Construing the sentence as we do no useful purpose would be served by ordering the petitioner returned to Duval County for the formal vacating of the six-year sentence and imposition of the life sentence as of the date of its original imposition. Helton v. Mayo, 153 Fla. 616, 15 So.2d 416.
The petition raises an additional point to the effect that preliminary to a conviction under the habitual criminal statute it is required that the accused be "duly cautioned as to his rights". Section 775.11, Florida Statutes, F.S.A. The petition asserts that petitioner was not so informed. The record of the trial submitted to us contains no light on the subject. The respondent asserts that petitioner was informed of his rights. A factual issue is therefore created.
This Court will not undertake to resolve such factual issues. 31 F.S.A. Supreme Court Rule 20(3). The judgment hereafter announced, therefore, is without prejudice to the rights of petitioner to present the issue by appropriate proceedings in a proper trial jurisdiction.
*624 For the reasons stated, the writ heretofore issued is hereby quashed and the petition dismissed, and the petitioner is remanded to custody.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.