WARREN, LAMAR, Associate Judge.
Upon an information charging appellant, H. P. Gordon, and others, with conspiracy to commit perjury and subornation of perjury, and also charging James Busbee and Rollie Arnold with perjury, trial was had, and the felony convictions obtained under the information were reversed by the supreme court in the decision of Gordon v. State, Fla., 104 So.2d 524, and the cause remanded for new trial.
The trial of the present cause, pursuant to the mandate, was had and the jury returned its verdict finding the appellant to be guilty of conspiracy as charged in the first two counts and to be guilty of subornation of perjury as charged in the latter two counts of the information.
After the denial of appellant’s motion for new trial and motion to arrest judgment, he was adjudged to be guilty as charged and sentenced, and this appeal followed seeking appellate review of the judgment and sentence.
The first point on appeal relates to the refusal by the court to give a charge, *754 and the sustaining of the state’s objection to a statement of defense counsel made to a prospective juror, both charge and statement concerning the quantity of proof required in a subornation of perjury proceeding. We find that the court did not err.
During the voir dire examination counsel for the defendant stated:
“Now, I believe the court will instruct you, if he does at all along this line, that before you could convict Pat Gordon over there for the offense of subornation of perjury you would have to be satisfied yourselves that the state had offered the testimony of two witnesses or the testimony of one witness and other corroborating circumstances equivalent to the testimony of two witnesses before you could vote to convict Pat Gordon sitting there of subornation of perjury.”
As to the requested instruction, an examination of it reflects that appellant desired the court to repeat the contents of counts three and four of the information, and then charge as follows:
“I further charge you, gentlemen of the jury, that the law of the State of Florida provided (sic) that before 3mu would be justified in convicting the defendant, H. P. Gordon, for the offense of subornation of perjury as is contained in counts three and four of the information aforesaid, that you should be convinced beyond and to the exclusion of every reasonable doubt that the state has proved by the oaths of two witnesses or by oath of one witness and other independent and corroborating circumstances which you deem equal weight with another witness in truth of the charges. See Gordon v. State, 104 So.2d [at] page 530, and Yarbrough v. State [79 Fla. 256], 83 So. 873, headnote 5.”
Appellant does not appear to contend that the state failed to establish his guilt through the required proof, but that in order lawfully to convict one of the offense of subornation of perjury the state must prove by the testimony of two witnesses, or the testimony of one witness and other corroborating circumstances, the truth of the charge; thus, under the statement and requested instruction above, the state would be required to offer such proof as to every element of the offense.
The problem simply stated becomes whether or not it is necessary for the state to establish each element of subornation of perjury, that is, the perjury and the inducement, through the testimony of two witnesses, or one witness and independent corroborating circumstances.
The element of the offense required to be established in perjury prosecutions is set forth in Tindall v. State, 99 Fla. 1132, 128 So. 494, at page 497, wherein the supreme court stated:
“ ‘To convict of the crime of perjury the offense must be proved by the oaths of two witnesses or by the oath of one witness and other independent and corroborating circumstances which are deemed of equal weight with another witness. Such is the rule now well established on authority. And the element of the offense which must be so proved is the falsity of the material matter sworn to.’ Ward v. State, 83 Fla. 311, 91 So. 189; Ellis v. State, 83 Fla. 322, 91 So. 192; Yarbrough v. State, 79 Fla. 256, 83 So. 873.”
An examination of the Florida decisions relating to prosecutions for subornation of perjury fails to reveal a decision on the question. In 70 C.J.S. Perjury § 85, it is said that:
“In a prosecution for subornation, the essential elements of the crime of perjury, as alleged in the indictment or information, must be proved, as well as the fact that accused procured or induced the commission of the perjury with the requisite knowledge and intent.”
*755 And in § 88 the following appears:
“There is authority to the effect that a conviction for subornation of perjury may be sustained on the testimony of a single witness, such as the perjurer, without corroboration either as to the subornation or as to the commission of the perjury. According to the weight of authority, however, the rule, which in some jurisdictions has been incorporated into statute, is that in a prosecution for subornation of perjury, as in a prosecution for perjury, discussed supra §§ 68-70, accused cannot be convicted on the uncorroborated testimony of a single witness as to the falsity of the matter alleged as perjury, as for example where the witness is the person suborned, since a conviction for subornation may be had only on the testimony of at least two witnesses or of one credible witness and corroborating circumstances, as to the actual commission of the perjury alleged. However, the procurement or inducement may be established by the uncorroborated evidence of a single witness who may be the suborned witness, although there is authority for the view that the uncorroborated testimony of the suborned witness is not sufficient.”
In Doan v. United States, 202 F.2d 674, the United States Court of Appeals, Ninth Circuit, in holding that as to the inducement, the testimony of a single witness was sufficient, stated at page 678:
“In discussing the question of the sufficiency of the evidence to support the subornation of perjury charge in Count IV, we bear in mind the rule laid down by this court in Catrino v. United States, 9 Cir., 176 F.2d 884, 888. There we stated that so far as the falsity of the oath was concerned, — the actual perjury, — it must be proved by the same quantum of proof required in perjury cases. We added: ‘In a subornation of perjury case, proof that the defendant induced the commission of the offense, is not subject to this requirement.’ This means that while it was incumbent upon the Government to prove that the testimony given by Georgia Martin before the Grand Jury was false, and to prove that it was thus false by two independent witnesses, or by one such witness plus corroborating circumstances, yet as to the element of subornation of the perjury, that is to say, as to whether the defendant induced the commission of the perjury on her part, ‘the proof is the same as in all other crimes, — proof beyond a reasonable doubt.’ As to the inducement, the testimony of Georgia Martin alone was sufficient so far as the rules here discussed are concerned.”
Also, see Culwell v. United States, 5 Cir., 194 F.2d 808, where it was held that the inducement of witnesses to commit perjury may be established by one witness’ uncorroborated testimony, as the act of soliciting another to commit perjury does not involve the theory of oath against oath; also, Boren v. United States, 9 Cir., 144 F. 801, 75 C.C.A. 531; State v. Richardson, 248 Mo. 563, 154 S.W. 735, 44 L.R.A.,N.S., 307; State v. Bixby, 27 Wash.2d 144, 177 P.2d 689; Commonwealth v. Billingsley, 357 Pa. 378, 54 A.2d 705.
Inasmuch as the statement of law as urged during the voir dire examination, and as contained in the requested instruction, does not reflect a proper statement of the law, appellant’s complaint that the trial court erred in sustaining the objection to the statement and in refusing the instruction must fail.
Moreover, appellant’s only record objection to the trial court’s instructions to the jury was not directed to the failure to give the above instruction, but directed to a portion of the court’s instruction on the question Gf conspiracy to commit perjury. Under the provisions of F.S. § 918.10(4), F.S.A., he may not now complain. An examination of the entire charge convinces *756 us that the applicable law was fairly presented to the jury.
The next point of appellant questioned whether or not the prohibition of F.S. § 90.07, F.S.A. rendered incompetent to testify two of the state’s witnesses, Bus-bee and Arnold, who before trial had entered pleas of guilty but who had not been adjudged guilty or sentenced, said section providing that:
“A conviction of perjury shall make incompetent any person to testify in any court in this state, even if such person has been pardoned.”
The record reflects that prior to trial appellant filed his motion to suppress the testimony of these witnesses on the ground, among others, that they had entered their pleas of guilty to the charge of perjury and that therefore they were barred to testify; the motion was denied. The record also reflects that prior to the admission of the testimony of these witnesses, appellant renewed his motion to suppress, and that the same was again denied; thereafter, upon their examination, as witnesses, they acknowledged that they had entered such pleas to the charge.
Appellant takes the position that by entering a plea of guilty, a witness stands convicted of perjury and thus becomes incompetent to testify under the statute, although there has been no adjudication of guilty by the court; in other words, a plea of guilty is tantamount to a conviction.
The meaning of “conviction” is treated in 9 Fla.Jur. Criminal Law § 9, where it is said:
“Legally speaking, a conviction means a judgment of guilt, and not merely a verdict of guilty, which in common parlance is called a conviction. It has been said, however, that actually it includes the judgment of the court as well as a plea or verdict of guilty. In other words, a person is 'convicted’ when the jury returns a verdict of guilty and the judge by judgment adjudicates the guilt of the accused regardless of whether he is put on probation and the imposition of sentence deferred and regardless of whether he is ever punished. As used in a statute providing that the conviction of any crime may be shown to effect the credibility of a witness, it means a judgment of the court. When charging a person as a second offender, a previous conviction means a previous adjudication of guilt.”
In Bishop v. State, 41 Fla. 522, 26 So. 703, the supreme court was called upon to examine almost the same question involved in the instant appeal. When that decision was rendered the prevailing statute was § 1096, Rev.St.1892, and it provided that:
“Persons who may have been convicted in any court in this state of murder, perjury, piracy, forgery, larceny, robbery, arson, sodomy or buggery shall not be competent witnesses (even a pardon of a person convicted of perjury shall not render him competent). Such conviction may be proved by questioning the proposed witness, or if he deny it, by producing a record of his conviction.”
In determining that a state’s witness was competent to testify, who upon a separate trial had been found guilty of murder but had not been sentenced when the appellant was tried, the court said:
“At common law, persons who had been convicted of certain crimes were disqualified from testifying as witnesses, but the conviction contemplated by the common-law rule included the sentence or judgment of the court, and was satisfied with nothing less. (Citing cases). Our statute relating, as it does, to the same subject, and intended to make definite the particular crimes the conviction of which should disqualify, evidently uses the word ‘convicted’ in the same sense as it was used at common law in relation to the *757 same subject-matter, and therefore in the broader sense of including the sentence or judgment of the court; and, this construction of the statute is sustained by the text writers and adjudged cases. (Citing authorities). The ruling admitting the testimony of the witness Milliken was therefore correct.”
Similarly, in the later case of Yates v. State, 43 Fla. 177, 29 So. 965, 966, involving a plea of guilty, the supreme court reaffirmed the position taken in the Bishop case, supra, saying:
“It was shown that Charlie Bryant, a witness offered on behalf of the state, had pleaded guilty to a criminal charge of breaking and entering with intent to commit larceny, but had not been sentenced for said offense. The plaintiffs in error objected to the competency of this witness, but the court overruled the objection and permitted the witness to testify, to which ruling an exception was taken. There is no error in this ruling. Even if this offense charged against Bryant was one which upon conviction would, under Section 1096, Rev.St., disqualify him as a witness the disqualification would not attach until after the judgment or sentence of the court.”
Again, in Weathers v. State, Fla., 56 So.2d 536, 538, the supreme court considered the meaning of the term, and stated:
“From an examination of the opinions of this court on the subject it seems clear that a conviction amounts to more than a verdict of a jury finding guilt, but it is not clear whether conviction has been taken to mean a sentence as well as a judgment of guilty. Confusion seems to have resulted from the indiscriminate linking of ‘judgment’ with ‘sentence,’ and with ‘punishment.’
“Our present thought is that one is convicted when the jury returns a verdict of guilty and the judge clinches .the finding by adjudicating the guilt though the prisoner may never be punished. How can it be logically said that a man is innocent because he has never been punished? The finding by the jury and adjudication by court settle the fact of guilt; the punishment when meted out is simply the penalty for established misconduct.”
When § 1096, Rev.St., is examined in the light of F.S. §§ 90.07 and 90.08, F.S.A., it is found that the change made is that presently the sole crime considered of such a nature to require disqualification upon conviction is perjury. The remaining offenses listed in the former statute simply affect the credibility of witnesses and, even as to these crimes, the word “conviction” contemplates the judgment of guilt of the court along with the plea of guilty or a verdict of guilty. Because the legislature deemed it advisable to remove from § 90.-07 all crimes save perjury, the definition of the word “conviction” did not change. A person is not rendered incompetent to to testify at a trial until he has been convicted of perjury and, until he is adjudicated guilty of said crime, he does not stand convicted as contemplated by the statute.
Appellant relies on Bateh v. State, Fla.App., 101 So.2d 869, Helton v. State, Fla., 106 So.2d 79, and State v. Bateh, Fla., 110 So.2d 7, wherein certiorari was granted and the writ discharged. The cases do not involve the same question involved here. There the accused had been convicted but not sentenced; the supreme court was confronted with a question of deferred sentences, and not the lack of an adjudication of guilt of a defendant after a plea of guilty. In State v. Bateh, Fla., 110 So.2d 7, 9, the following appears:
“It is plain, then, from the language in Helton v. State, supra, that the power of trial judges to hold in abeyance the passage of sentences and to impose them any time in the future, regardless of probation, is disapproved. For *758 procedural reasons such as the determination of ‘motions and other matters arising between verdict and judgment, (or for the purpose of) gaining information necessary to the imposition of a just sentence; or during the pen-dency of other charges, or for other good and valid reasons/ to quote from Bateh v. State, supra, the language copied in Helton v. State, supra, there may be justifiable delay, and when convicts are put on probation the sentences, of course, may be deferred conditioned on obedience to the terms of probation. But it was plainly the view of the district court and it is now the view of this court, that one convicted of an offense is entitled to know just when in his life, he meanwhile being at liberty, he is no longer subject to the power of the court to translate his liberty to imprisonment.”
In the absence of any showing in the record to the contrary, it must be presumed that any order entered by the lower court was proper and was based on “good and valid reasons”; that the trial court’s actions in a collateral proceeding involving Busbee and Arnold were proper in all respects.
Other contentions of the appellant, a discussion of which would only extend this opinion, have been carefully examined and found without merit, and we have found no necessity, in view of the disposition of the above points, to consider the constitutionality of F.S. § 90.07, F.S.A., initially raised here by the state.
Affirmed.
KANNER, Acting Chief Judge, and SHANNON, J., concur.