CARROLL, DONALD K., Judge.
The appellant, a police officer who was tried for and convicted of grand larceny and breaking and entering with intent to commit grand larceny, has appealed from *657 the judgment of conviction and sentence entered by the Criminal Court of Record for Duval County.
The principal question raised by the appellant for our determination in this appeal is whether the said court committed reversible error at the trial by failing to give certain jury instructions that had been requested by the appellant. The ultimate question, of course, as is true in most criminal appeals, is whether the trial was conducted in accordance with law and justice under law.
The instant case is one of many cases arising in Duval County and involving alleged criminal acts on the part of police officers of the City of Jacksonville in the said county. See, for instance, our recent decision in Duggan v. State, 189 So.2d 890 (1966). The climate of such cases characteristically includes an aroused public opinion, in which cases the defendants’ rights are naturally neither greater nor less than those of other defendants. In such cases the courts, both trial and appellate, should be especially alert to see that neither the prosecution nor the defense attempts to take advantage of that climate by injecting improper influence into the proceedings. As we shall hold below that the trial court measured up to this standard and was thus alert and that the appellant’s trial was conducted in accordance with law and justice under law.
The appellant, Woodrow Pruitt, and one Claude Bryant, who subsequently died, were informed against in the Criminal Court of Record for Duval County by a two-count information. The first count charges that on January 12, 1965, Pruitt and Bryant broke and entered the property of a certain corporation in the said county with intent to commit a felony, to-wit: grand larceny. In the second count the defendants are charged with committing grand larceny on the said date by feloni-ously taking certain property of the said corporation (including 40 gallons of paint, 120 paint brushes, an air compressor, and several other items, all having a total value of $248).
After Bryant’s death, the appellant was tried on these two counts before a jury, who returned a verdict of guilty on both counts. After denying the appellant’s motion for a new trial, the trial court entered the final judgment appealed from herein, adjudging him guilty of both counts and sentenced him on the first count to five years’ imprisonment in the State Prison and deferring sentence on the second count. Later the appellant, on the second count, was released on his own recognizance.
The evidence at the trial, including the direct testimony of several city policemen and county patrolmen, was amply sufficient, in our opinion, to justify the jury’s verdict that the appellant was guilty of the two crimes charged against him in the information — that the appellant, while on patrol duty, broke and entered a warehouse owned by the corporation named in the information and feloniously stole therefrom the items enumerated in the information.
In four of the nine points on appeal raised by the appellant in his main appellate brief, which four points we conceive to be his principal points in this appeal, the appellant asserts that the trial court committed prejudicial, reversible error in failing to give the jury instructions on these-subjects: the law pertaining to circumstantial evidence; the law of conspiracy;, the weight, credibility, and consideration that should be given to the testimony of' an accomplice; and the weight, credibility,, and consideration that should be given to-the testimony of a co-conspirator and that such should be taken with caution.
First, we note in the transcript of the-trial proceedings that on two occasions during the trial the court specifically asked the appellant’s counsel whether he had any objections to the charges as given or whether he wished any additional charges-to be given, and the counsel answered “no.”' At no time during the trial did such counsel make any complaint regarding the- *658 ■charges given by the court, as required by subsection (4) of Section 918.10, Florida Statutes, F.S.A. That subsection provides as follows:
“No party may assign as error or grounds of appeal, the giving or the failure to give an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”
Among the many Florida decisions recognizing and applying the just-quoted statutory provision and holding in effect that the accused’s failure to object to the charges constitutes a waiver of the objection, are White v. State, 122 So.2d 340 (Fla.App.1960); Williams v. State, 117 So.2d 473 (Fla.1960); Gordon v. State, 119 So.2d 753 (Fla.App.1960), and Forceier v. State, 133 So.2d 336 (Fla.App.1961).
Rather than rely solely upon the technical legal fact that the appellant at the trial waived his right to object to the court’s failure to give instructions on the subjects named in his points on appeal, we have, in order to assure that the appellant received a fair trial, carefully read all of the instructions which the court gave to the jury and we find that in those instructions the trial court most competently presented the issues to be determined by the jury, the rights of the accused, and the elements of the offenses with which he was charged. Under these circumstances, even if the appellant had at the trial requested instructions on the subjects listed in his points on appeal, the failure to give such instructions would not constitute reversible error if the court’s general charges in effect substantially covered the requested instructions. See, for instance, Leiby v. State, 50 So.2d 529 (Fla.1951) and Mackiewicz v. State, 114 So.2d 684 (Fla.1959).
We have considered the other points raised by the appellant in this appeal and find them to be without substantial merit.
For the foregoing reasons the final judgment appealed from herein should be and it is
Affirmed.
WIGGINTON, Acting C. J., and JOHNSON, J., concur.