PER CURIAM.
The state appeals an order dismissing an information which charged the defendant with a felony obscenity offense, pursuant to section 847.011(l)(a), Florida Statutes (Supp.1986). The trial court dismissed the information for want of subject matter jurisdiction, and we affirm.
Upon the state’s filing of felony charges for violation of section 847.011 (obscenity statute), Gayety Theatres filed a motion to dismiss. The court granted the dismissal holding that prior convictions of the defendant were outside the five-year limita *232 tion period of section 775.084, Florida Statutes (1985) (enhancement statute) and that the obscenity statute specifically required reference to the enhancement statute in order to bring felony charges. The state could not bring misdemeanor charges because such jurisdiction had already expired. Thus, the case was dismissed. Claiming reversible error, the state appeals.
The state rightly asserts that the obscenity statute, on its face, creates a felony based on a prior pornography conviction independent of the enhancement provisions of section 775.084. The enhancement statute, and its requirement that there be two prior convictions within five years, only applies when the state seeks to punish the defendant to an obscenity charge as an habitual criminal; its use is optional. To support this contention, the state correctly relies upon the case of State v. Harris, 856 So.2d 315 (Fla.1978) where the supreme court held that the petit larceny statute creates a substantive offense distinguishable from the enhancement statute.
The rub in the present case is that while the criminal information at issue is titled a felony, no prior conviction is alleged, nor does the information track section 847.011(l)(a). Hence, the information does not allege sufficient facts to enable the state to charge the defendant with a felony. Fla.R.Crim.P. 3.140(d)(1). The title to an information does not constitute a part thereof. State v. Cunningham, 380 S.W.2d 401, 403 (Mo.1964); Roberson v. State, 362 P.2d 1115, 1117 (Okla.Crim.App.1961); Caples v. State, 3 Okla.Crim. 72, 104 P. 493 (1909). A criminal information must allege sufficient facts to create and activate a circuit court’s exclusive felony jurisdiction. Young v. State, 439 So.2d 306 (Fla. 5th DCA 1983); Christopher v. State, 397 So.2d 406 (Fla. 5th DCA 1981); § 26.012(2)(d), Fla.Stat. (1985).
Our affirmance, therefore, acknowledges the state’s ability to allege a felony based solely on section 847.011 within the jurisdiction of the circuit court. The information before us, however, simply failed to do so.
Affirmed.