528 So.2d 1272 (1988)
Gilbert L. PRITCHARD, Appellant,
v.
STATE of Florida, Appellee.
No. 87-891.
District Court of Appeal of Florida, First District.
July 22, 1988.
William K. Jennings of William K. Jennings, P.A., Destin, for appellant.
*1273 Robert A. Butterworth, Atty. Gen. and William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Appellant seeks review of his conviction of felony DUI under subsections 316.193(1)(a) and (2)(b), Florida Statutes (Supp. 1986).[1] We affirm the convictions.
Felony DUI was charged in the information by merely referring to section 316.193(2)(b); no mention was made as to any previous DUI convictions. Prior to trial, appellant moved to dismiss the indictment for failing to allege the three prior convictions for DUI. The court found the information sufficient, noting that in a jury trial it would be prejudicial to a defendant to have the allegations of past convictions in the information. Additionally, the court noted that once guilt was established, the state would be called upon to prove by a preponderance of the evidence the prior convictions. After the state proved the instant offense in a non-jury trial, the evidence of the three prior convictions was offered. The state established appellant's prior convictions by various documents[2] over appellant's objections.
Appellant asserts that the information was defective in failing to allege with specificity the three prior DUI convictions the state intended to rely on in proving felony DUI. He analogizes to the Habitual Offender statute[3] and the since-repealed recidivist law and cases decided under that law[4] as requiring details of the prior convictions in the charging document. Appellant also argues the proof actually offered was insufficient to satisfy the state's burden of proving the prior convictions. He contends the state must offer judgments of convictions as to these past convictions.
A more appropriate analogy is to the felony petit theft statute[5] which contains language quite similar to that in the felony DUI statute. In State v. Crocker, 519 So.2d 32 (Fla. 2d DCA 1987), the court held that the prior petit convictions need not be alleged in the charging document because of possible prejudice to the accused in the event the prior convictions were brought to the jury's attention. Upon a conviction of the third petit theft, the court would conduct a separate proceeding to establish the prior convictions under a procedure similar to that employed under the habitual offender statute and State v. Harris, 356 So.2d 315 (Fla. 1978). We find this same type of procedure should be followed in charging and proving felony DUI.
As to the second issue, section 316.193(2)(b) provides that upon a fourth conviction, a person is "punishable as provided in s. 775.082, s. 775.083, or s. 775.084" (e.s.), the habitual offender statute. It is therefore clear the legislature intended *1274 that a post-trial habitual offender-type proceeding be followed in establishing prior DUI convictions. Section 775.084(3)(c) provides that "all evidence presented shall be presented in open court with full rights of confrontation, cross-examination and representation by counsel." Under subsection (d) the habitual offender findings "shall be found to exist by a preponderance of the evidence... ." In Eutsey v. State, 383 So.2d 219 (Fla. 1980), an habitual offender sentencing procedure was undertaken with the defendant generally objecting to the admissibility of the presentence investigation report but not specifically challenging or disputing any of the matters contained within the report. The defendant had a copy of the PSI prior to the sentencing and had a full opportunity to contest any part of it. However, his general objection to its use was insufficient to reverse the habitual offender sentencing procedure.
In the instant case, appellant did not dispute the accuracy of the information contained in two of the documents. He only argued that actual judgments of convictions were required to prove them. He objected to one document, naming Gilbert L. Pritchard, as failing to indicate it was appellant, Gilbert L. Pritchard, Jr. The state then offered a formal plea of guilt to DUI signed by Gilbert L. Pritchard, Jr, adequately rebutting appellant's objection. We find the documents used to establish the prior convictions[6] were legally sufficient to prove those convictions by a preponderance of the evidence. A general objection without disputing the veracity of the documents' contents was insufficient to preclude the trial court's reliance on the documents to find appellant guilty of felony DUI.
Accordingly, the conviction is AFFIRMED.
THOMPSON and NIMMONS, JJ., concur.
NOTES
[1] Under subsection 316.193(1) "[a] person is guilty of the offense of driving under the influence ... if such person is driving or in actual physical control of a vehicle within this state and: (a) [t]he person is under the influence of alcoholic beverages... ." Under subsection 316.193(2)(b), "[a]ny person who is convicted of a fourth or subsequent violation of subsection (1) is guilty of a felony of the third degree... ."
[2] A 1980 DUI conviction was shown through a certified copy of a disposition letter from the court clerk's office which stated that its records reflected appellant pled nolo contendere to a DUI charge in October, 1980. The original file apparently no longer existed. As to a 1986 conviction, the state offered a judgment of guilt and placing on probation following a guilty plea to DUI and driving while license was suspended. Appellant raised only a general objection to the admission of these documents as they were not judgments of conviction. For a March, 1983 conviction, the state offered a certificate of conviction which named as defendant Gilbert L. Pritchard. Appellant objected as this document did not indicate he was the named defendant as appellant's name was Gilbert L. Pritchard, Jr. Thereupon the state offered the written plea of guilty to DUI signed by Gilbert L. Pritchard, Jr.
[3] Section 775.084, Florida Statutes.
[4] See Cohen v. Mayo, 77 So.2d 787 (Fla. 1955); Wright v. State, 291 So.2d 118 (Fla. 2d DCA 1974); State v. Fernandez, 156 So.2d 400 (Fla. 2d DCA 1963).
[5] Section 812.014(2)(d) provides that upon "a third or subsequent conviction for petit theft, the offender shall be guilty of a third degree felony... ."
[6] See footnote 2, supra.