PER CURIAM.
We reverse the appellant’s convictions because he was charged, in effect, with three misdemeanors in the circuit court. The state contends that the driver-under-the-influence charge, because it referred to Section 316.193(2)(b), Florida Statutes (1988), was sufficient to make this charge a felony because of prior convictions and cites Pritchard v. State, 528 So.2d 1272 (Fla. 1st DCA 1988). We think the proper procedure is to include in the charging document identifiable prior convictions. Compare State v. Gayety Theatres, Inc., 521 So.2d 231 (Fla. 3d DCA 1988) and Brehm v. State, 427 So.2d 825 (Fla. 3d DCA 1983). We specifically decline to follow Pritchard and recognize conflict therewith. Therefore the motion to dismiss should have been granted and the convictions of driving under the influence and driving with a suspended license and attaching an unassigned registration license plate be and the same are hereby reversed with directions to discharge the defendant.
Reversed and remanded with directions.[1]

. No rehearing time will be allowed and the mandate will forthwith issue.